## JAMES CARLIN V. DANIEL F. DONEGAN.

1. ACTION FOR AN ACCOUNTING; *Partners; Issue; Mode of Trial.* In an action brought by one partner against his co-partner for an accounting, in which the answer, while admitting the partnership, denies the terms as alleged in the petition, and as a second defense claims damages for certain breaches by the plaintiff of the partnership contract, it is not error for the court to submit to one jury the question of the terms and duration of the partnership, then to refer to a referee to state and report the account between the partners, and finally to submit to a second-jury the claims for damages.

2. PETITION; *Statement of Facts; Demurrer.* A petition in an action by one partner against another, which alleges the partnership, gives a copy of the written contract therefor, alleges that the plaintiff at the outset paid in a certain specified amount, that the partnership was terminated, and that during its existence plaintiff had paid on account of debts and expenses a large sum, and that upon a settlement of the partnership accounts which the plaintiff had vainly sought, a large sum would be found due the plaintiff, and which shows that the partnership owned a large number of chattels, and involved a

series of transactions, states a cause of action, and must be held good as against any objection that can be raised by demurrer, notwithstanding it does not in terms allege that defendant had possession of any of the partnership property, or that he had any accounts to render.

3. VERDICT — *When Sufficient.* An objection that the verdict of the jury to whom certain issues were submitted is incomplete, and fails to find all the facts established by the evidence, must be in this court disregarded, when the verdict responds to the questions submitted, and no application was made in the trial court to have a fuller response, or further facts found.

4. CARE AND DILIGENCE, *Required of Partners.* The obligation of one partner to another, in the management of the partnership business, is the exercise of good faith, and of ordinary care and prudence; and if loss happens through the ordinary negligence of a partner, he must bear the loss.

*Error from Saline District Court.*

THE material facts, and the proceedings in the district court, are sufficiently stated in the opinion, *infra. Donegan*, plaintiff, had judgment, at the March Term 1874, for $1,077.23, and costs, and *Carlin*, defendant, brings the case here on error.

*T. F. Garver*, for plaintiff in error.

*Spivey & Wildman*, for defendant in error.

The opinion of the court was delivered by

BREWER, J.: This was an action brought by the defendant in error in the district court of Saline county, to settle up a partnership between himself and Carlin. The history of the case is somewhat novel. First, a jury was impanneled to whose decision was referred the terms and duration of the partnership; then the matter was referred to a referee, to state the account between the partners; and finally, a second jury was impanneled to pass upon certain claims of Carlin for damages resulting from breaches of the partnership contract. The novelty, or perhaps more correctly, the rarity of this triple proceeding, is no warrant for presuming it erroneous. Doubtless the entire case might have been submitted

to a single jury, or referred to a single referee; and probably in most cases such is the better course to pursue. But still we think the course actually pursued fully warranted by the statute. Section 266 of the code, Gen. Stat. 680, provides for the manner of trial of the issues in certain cases, not including however those like the one before us. Section 267 then declares, that "all other issues of fact shall be tried by the court, subject to its power to order any issue or issues to be tried by a jury, or referred as provided in this code." The court, under this section, could have tried the entire case, submitting all the issues, or any one of them, to a jury, or referred all or any one to a referee. When the case was called for trial, under the power thus granted, it submitted two of the issues to a jury, reserving the further disposition of the case for subsequent consideration. Plainly, whatever might transpire thereafter, there was no error in this. It was within the clearest letter of the statute. These issues having been settled by the verdict, there remained the accounting between the partners, and the claims for damages. The case stood for further consideration precisely as though the two issues had been settled by the pleadings, instead of by the verdict. And thus standing, the court had power to refer any issue or issues to a referee. And the same may be said, after the referee had disposed of the account between the partners.

It is insisted however, that this case does not come within the purview of the section quoted; that indeed the petition fails to state facts sufficient to constitute a cause of action, and that therefore the demurrer filed to it should have been sustained. Here too we must differ with counsel. The petition alleged in substance the partnership, giving a copy of the written contract therefor; that the plaintiff paid in as capital a certain sum, the time of the commencement of the partnership, and of its termination; that during its existence plaintiff paid in for expenses and debts a large sum of money and property; that he had often sought a settlement with defendant, but that defendant refused to come to any settlement, and that upon such settlement a large balance would be found

due plainti   on account of their partnership dealings.  The written contract provided that the parties should enter into partnership in the stock business, to include all their property shown in their account books, and that once in three months the books should be posted and the party having the most capital invested should receive interest on the excess at ten per cent.  The specific objection made is, that "it does not appear that the defendant ever had one dollar of partnership funds, or possession of a hoof of the stock."  And on the authority of *Spear v. Newell*, 2 Paine C. C. 267, it is claimed that "the action of account does not lie in favor of one partner against another who is not shown to have received something, and have some accounts to render."  It will be noticed that the objection is, not that the petition is not definite and certain, which objection could only be reached by motion, but that conceding the facts to be true, no matter how broadly and in general terms stated, no right to relief is shown. Here it appears that a partnership was formed; that the plaintiff contributed largely in money and property to it; that it was terminated, and that upon an adjustment of the partnership matters a large amount would be due the plaintiff from the defendant — and also by plain implication that the partnership was not simply a joint ownership of a single article, or a joint venture in a single transaction, but involved a number of chattels, and a series of transactions. If those be the facts, has the plaintiff no right to relief? We think the demurrer was properly overruled.  It may be remarked, that when the question came before the court as to the manner of trial, it had the statements in the answer, as well as those in the petition, from which to determine the nature and extent of the issues, and from these it properly held that the case was one whose manner of trial it could order as it did.

A third matter of objection is, that the verdict of the first jury was incomplete in not finding all the facts established by the evidence.  It is sufficient answer to this, that it responded to the questions submitted to it by the court, and

that there was no application to have the jury respond more fully, or find any other or further facts.

Again, it is insisted that the court erred in its charge to the jury on the last trial. Counsel for Carlin thus state the question: "Then we have this state of facts: Donegan and Carlin were to keep 315 head of cattle on section 3, or that vicinity, in McPherson county, Donegan agreeing to furnish the means to carry on the business successfully. When the winter sets in, Donegan turns in 200 of his own cattle, and in February the hay gives out, and no means to furnish more. The cattle are moved 20 miles by Donegan, against the wish of Carlin, and the advice of the foreman; the move results in damage." Upon this the court charged—"but if you should believe that at the time the plaintiff, Donegan, determined upon the moving, and did move them, if he did so at all, there was such a condition of things and circumstances as would reasonably raise a question as to whether they ought to be removed or not, and that Donegan used his best judgment, in good faith, in deciding such question, then he would not be responsible, though loss might occur, unless such act should show gross negligence or ignorance." Again: "It is for you to say whether or not Donegan, in determining as to whether he should move the cattle or not upon any of the times mentioned in the testimony, was guilty of ignorance, as I have above defined it, and whether in the execution of the movement he was guilty of gross negligence." The use of the adjective "gross," in the last clause of these two instructions, is claimed to be erroneous. Donegan, it is insisted, is liable for all losses resulting from ordinary negligence in the management of the business of the partnership. The court followed this charge with a definition of gross negligence, and a correct one too, so that the jury must have gathered that if Donegan acted in good faith, and upon his best judgment, in determining upon the removal, he would not be responsible for losses resulting therefrom, although in carrying out such removal he omitted the care and attention which men of ordinary prudence would exercise in such a

case. We do not so understand the law. Nor do we think from other portions of the charge the court really intended to so inform the jury. Elsewhere the law was laid down correctly, and the jury were informed that each partner would be "held responsible for fraud, negligence, etc.," and that "the degree of care and diligence that partners are generally held to between themselves is such care and diligence about any transaction as men generally of common or average care and prudence would exercise." Such we suppose to be a correct statement. Each partner must not only act in good faith, but must also exercise ordinary care and prudence. Parsons on Partnership, pp. 223, 224. The omission of such ordinary care and prudence, is ordinary negligence; and a partner is responsible for losses resulting from ordinary negligence. For this error the judgment must be reversed. It will be unnecessary to disturb the verdict of the first jury, or the report of the referee upon the account. No error is shown as to them, and they should stand; but the case will be remanded with instructions to set aside the judgment, and the verdict of the last jury, and to proceed further in accordance with the views herein expressed.

All the Justices concurring.