J. T. NORMAN AND W. M. INGHAM V. R. E. CONN.

PARTNERS; PARTNERSHIP; *Accounting; Capital and Profits.* In an action
  brought by one member of a partnership to have an accounting with his
  two partners, and to recover a balance due him, where the referee reports
  that such plaintiff contributed $663.48 to the capital, and the other two
  partners $370, and that certain profits were realized from their business,
  and that by the terms of the partnership the parties were to share equally
  in the profits thereof, *held,* that each member of the firm on dissolution
  of the partnership is entitled to a return of his capital, and in addition,
  one-third of the profits.

### Error from Reno District Court.

ACTION to compel an accounting, brought by one partner
against his copartners. The cause was tried before S. B. Z.,
sole referee; and upon the findings and report of the referee
the district court gave judgment, at November Term 1876,
in favor of *Conn,* plaintiff, and against *Norman* and *Ingham,*
defendants. New trial refused, and defendants bring the
case here on error.

*J. T. Cox,* and *W. H. Lewis,* for plaintiffs in error.
*Houk & Whitelaw,* for defendant in error.

The opinion of the court was delivered by

HORTON, C. J.: This was an action brought by R. E. Conn,
one member of a firm, for an accounting with the other two
members, J. T. Norman and W. M. Ingham, and to recover
a balance which he claimed due him. The case was referred
to a special referee, who was directed to hear all questions of
fact and law in the cause; and thereafter such referee made
and filed his report, to the effect—

That a partnership was formed between plaintiff and de-
fendants, on or about the 1st of December 1873, for the pur-
pose of wintering cattle, said partnership to relate back to
sometime in October of said year, at which time defendants
commenced said business; that the parties were to share
equally, each having all their interests in the business and

profits thereof; that plaintiff paid to defendants to be put into the business, $663.48; that defendants put into the capital stock and expenses, (a large portion of said expenses being paid when money was received for keeping cattle,) the sum of $3,028.52, including money paid by plaintiff; that defendants put in stock, and paid expenses at various times, as follows:

| | |
|---|---:|
| Mower, team, wagon and camp utensils, | $370.00 |
| Cash paid hands, | 585.00 |
| Cash paid keeping cattle, | 584.00 |
| Feed for horses, | 30.45 |
| Norman's trips to Ellsworth, | 69.35 |
| Merchandise $659.12, less $328 paid Marshall, | 331.72 |
| Cash paid Collins and Craig, | 58.00 |
| Norman's wages, 10 months at $100, | 1,000.00 |
| Total disbursements, | $3,028.52 |

That the defendants from all sources received as follows:

| | |
|---|---:|
| Cash for keeping cattle, | $2,818.35 |
| From R. E. Conn, as per receipt, | 663.48 |
| Total receipts, | $3,481.83 |
| Disbursements brought down, | 3,028.52 |
| Receipts in excess of outlay, | $453.31 |

That plaintiff received from defendants $400 about the time the cattle-keeping was paid for, to-wit, July 1st 1874; that a balance of $275 due the firm from cattle-owners remained uncanceled; that there remained in the hands of defendants, the team, wagon, mower, and camp outfit; that defendants had entire charge of the business.

And upon the evidence the referee further reported, that said plaintiff was entitled to recover against said defendants the sum of $414.58, with interest from July 1st 1874 at 7 per cent., together with his one-third of the profits now in the hands of defendants; and that plaintiff was also entitled to the further sum of $91.67 when the $275 yet due should be collected. And the referee therefore found for the plaintiff, the said sum of $414.58, with interest as aforesaid, together with his one-third interest in the property in the hands of defendants, and the further sum $91.67 when the same shall have been collected. The report of the referee was confirmed by the court, and judgment rendered in favor of the defendant in error, Conn, for $414.58 with interest

from July 1st 1874, and the plaintiffs in error were ordered to account to said Conn for one-third of the property mentioned in the report, and for one-third of the $275.

Plaintiffs in error object to the report and the judgment, on the ground that the facts found do not entitle the defendant in error to the judgment obtained. The finding of the referee in regard to the agreement of the partners as to how the partnership property and effects were to be divided upon the winding up of their business, is not as clear and precise as it should have been; but as this finding is unquestioned, and none of the testimony is before us, we shall construe it as fairly and equitably as possible to all the parties concerned. The referee reported that "the parties were to share equally, each having all their interests in the business and profits thereof." With this finding, and in view of all the circumstances attending the transactions of the business in which they were engaged, and the results of the same, we think each party would be entitled to a return of his individual capital, and that each should share equally with the others in the profits. The question as to the balance due Conn on the dissolution of the firm is one of computation only. Conn furnished as capital, $663.48; Norman and Ingham furnished as capital $370, in the way of a mower, team, and camp utensils. The total assets, or capital of the firm furnished by the partners were only $1,033.48. The balance of the $3,028.52 paid out by the plaintiffs in error for wages, expenses, etc., was money received from keeping cattle, being the business in which the firm was engaged. The condition of the partnership was as follows:

Capital,............................................................................ $1,033 48
Cash received for keeping cattle,............................................ 2,815 35
Accounts due the firm,........................................................ 275 00

Total,........................................................................... $4,126 73
The expenses of the firm were,............................................. $2,658 52

The expenses taken from the said $4,126.73, leave $1,468.21 to the firm to be divided. If Conn is to have his original capital back, and Norman and Ingham theirs, then there is left $134.73 as the profits of the business, which

divided equally between the three parties, gives to each $144.91. If, on July 1st 1874, the property of the partners had been all in money, Conn would have been entitled to have received back his $663.48, and $144.91, his one-third of the profits. This is on the basis that the $275 had been collected, and that the property mentioned in the report had sold for its original value of $370.

As the accounts have not been collected, nor the personal property sold, all that we can do is to remand the case with instructions to the district court to render judgment for Conn for the balance of his capital, to-wit, $263, with interest from July 1st 1874, and to direct a sale of the personal property and collection of the accounts, and to award to Conn, the defendant in error, the one-third of the profits, which, if the accounts are collected and a sale is made of the property for $370, will be $144.91, and proportionally less if there is any loss on the accounts, or depreciation in value of the personal property. The costs of this court will be divided between the parties.

All the Justices concurring.