SARAH W. LIVINGSTON, executrix, *vs.* CHARLES F. BLANCHARD.

Middlesex.    January 21. — February 9, 1881.    COLT, J., absent.

If A. and B. enter into articles of partnership, which provide that A. shall contribute the whole capital, and that the profits, after payment of the expenses, including rent of store, interest on the capital and an annual salary to B., shall be divided equally between them, the capital becomes partnership property, the expense of insuring which is a part of the expenses of the business; and, on a dissolution of the partnership, A. is entitled to repayment of the capital contributed by him, before B. is entitled to receive anything as profits.

BILL IN EQUITY, filed September 7, 1878, to settle the affairs of a partnership. The case was referred to a master, who reported the following facts:

On July 1, 1873, Alfred Livingston, the plaintiff's testator, and the defendant entered into articles of partnership, for the purpose of carrying on the drug and apothecary business in Lowell. These articles provided that Livingston was to contribute the entire cash capital invested in the business; and that the profits, after payment of the expenses, including rent of store, interest on the capital, and salary of $900 a year to the defendant, were to be divided equally between the partners. They carried on the business from July 1, 1873, to March 19, 1877, the date of Livingston's death; and the defendant continued to carry on the business until July 1, 1878. Livingston invested in the business as capital $3300, and the defendant invested nothing in cash. Interest has been paid on the capital by the defendant to Livingston, and to the plaintiff as executrix, from July 1, 1873, to July 1, 1878, and the defendant has retained from the proceeds of the business $900 annually as his salary to the last-named date; and there are no debts due and unpaid from the partnership. On September 6, 1878, the plaintiff made a written demand upon the defendant for an account and final settlement of the partnership affairs. On September 9, the defendant gave the plaintiff a written statement, setting forth that the amount of stock in trade and fixtures, cash on hand and in bank, and bills receivable, was $3718.26, and tendered to her one half of that amount, $1859.63. The insurance on the stock and fixtures was paid out of the profits.

The master found that the statement made by the defendant was a correct exhibit of the amount of partnership assets on hand July 1, 1878; that there had been no losses in the business other than the depreciation of the fixtures; and that all previous profits had been divided equally; and stated the account in the alternative, according to the respective claims of the plaintiff and defendant. If the plaintiff's claim was correct, she was entitled to recover the amount of capital contributed, $3300, and one half of the profits, $288.77, less one half the depreciation, $159.27, making a total of $3429.50, and interest. If the defendant's claim was correct, the plaintiff was entitled to recover the amount tendered by the defendant, $1859.63, and interest.

At the hearing upon the above facts, a decree was entered for the plaintiff for the larger sum reported by the master, $3429.50,

with interest from the date of the filing of the report, and costs and the defendant appealed to the full court.

*J. Davis*, for the plaintiff.

*F. T. Greenhalge*, for the defendant.

SOULE, J. It appears from the articles of partnership that Livingston contributed the whole capital which was invested in the partnership business, and that the profits, after providing for the expenses, including rent of store, interest on the capital, and salary to the defendant, were to be divided equally between the partners. The capital became, therefore, partnership property, the expense of insuring which was a part of the expenses of the business; and, on the dissolution of the firm, Livingston, or the plaintiff as the executrix of his will, was entitled to repayment of the capital contributed by him, before the defendant was entitled to receive anything as profits. The amount of profits was ascertainable only by deducting from the assets left, after paying the expenses of the business, the amount of the capital invested. *Whitcomb* v. *Converse*, 119 Mass. 38. The decree entered by the justice who heard the case was, therefore, as favorable to the defendant as he was entitled to, and must be

*Affirmed.*