(Hamilton County Court of Common Pleas.)

CHAMPION V. WILLIAMS, Ex'r.

---

*Partnership—Necessary allegations in a petition for a settlement—Jurisdiction of a court of equity.*

---

Heard on demurrer to petition for a settlement of partnership affairs.

SAYLER, J.

The defendant claims on the demurrer:

1st. The petition contains no allegations of an indebtedness due or probably due to the plaintiff.

In the case of Gary v. Kerr, 46 Ohio St. 652 the court, quoting from Bates on Part. Sec. 921, say, "any partner, after dissolution, or if there has been no dissolution, but he has grounds to seek it, can maintain

a bill for an accounting, although he is a debtor partner, and no balance will be coming to him," for he has a right to have the assets applied to the debts, to ascertain and reduce his ultimate liability.

If a debtor partner may maintain an action for account, it is manifest that an allegtion of an indebtedness to him is not a necessary allegation.

In 52 Miss. 194, the court say that "a partner who impleads his associate for a settlement, must aver and prove, if denied, an indebtedness, or at least a probable indebtedness;" and the court quotes from 1 Howard 314, "a decree shall not be made to account unless an indebtedness appears."

In 15 Kan. 495 the court holds that a petition setting up certain facts including an allegation "that upon an adjustment of the partnership matters a large amount would be due the plaintiff from defendant" is good on demurrer. But it does not, except possibly by implication, hold such allegation necessary. It only holds that it is not necessary to allege that the defendant had possession of any of the partnership property.

I think the case in 52 Miss. is strongly in point; but I think it is contrary to the doctrine stated in 46 Ohio St., supra.

2nd. The petition contains no allegation of an indebtedness by, from or to any creditors.

The defendant cited Bates on Part. Sec. 921, which is the section quoted in 46 Ohio St., supra, and Bates cites 42 N. J. Eq. 543.

In 42 N. J. Eq. 543, it appeared that Sharp and Hobbins were co-partners; that at dissolution the assets were in the hands of Hobbins, to settle the affairs; that Hobbins had disposed of the property, collected the debts and paid debts due from the firm, but had never accounted with Sharp. Hobbins claimed that he should not be required to account, because it appeared by his testimony that he had paid out much more for the firm in the payment of its debts than he had received from the assets. The court held that Sharp was entitled to an account notwithstanding such claim.

I do not think either of these authorities sustain the claim of the defendant that the petition should allege an indebtedness of the firm, in view of 46 Ohio St., hereinafter quoted.

3rd. The petition contains no allegation that the defendant has any partnership property, nor an allegation of a necessity of an accounting.

The defendant cites Bates on Part. Sec. 909, to the effect that "the court will not, as a matter of course, undertake the winding up of a dissolved partnership. The complainant must have a real cause of complaint or some good or necessary purpose must be subserved."

The other authorities cited, being the authorities on which Bates makes his statement, are as follows:

42 Md. 228, which holds that where it manifestly appears from the proof that the party asking the interposition of the court has no real cause of complaint, and that no good purpose or end can be accomplished by directing an account, such account should not be ordered.

69 Ills. 585, was a bill to have a certain purchase of real estate declared a joint one, and for a share of the profits; the bill alleged also a partnership for the purpose of dealing in real estate. The court held that the real subject of controversy was as to the profits of the said real estate transaction, and that anything else in the bill was but incidental, and held that where the proof failed to show anything due the complainant, it was not error to dismiss the bill.

In the case in 40 N. J. Eq. 356, the court held, on p. 360, that the complainant was not entitled to any participation in the profits of two of

the firms, and therefore not entitled to an account; that as to the other firm, as they had always been ready to furnish him an account, and as the accounts were in no way difficult, he could have no recourse to the court.

In 40 Del. Ch. 445, the court holds, on p. 485 that the surviving partner may have an account only when it becomes necessary, and in 70 Cal. 581, the court holds that in no case can the surviving partner maintain an action against the personal reprensentatives of his deceased partners for an accounting of the partnership affairs; that Sec. 1585 of the code of civil procedure gives the surviving partner ample power in the matter, and that therefore he does not need the interposition of a court of equity.

4. The petition contains no allegation that Champion has either wound up the partnership concern, or has attempted so to do, or is proceeding so to do, or that there is any difficulty in his winding up the affairs of the partnership

The case in 15, Ohio St., 399 seems to turn on the question as to how the net profits should be arrived at, and the case in 26 Ohio St. 567, seems to turn on the question whether the case was an appealable one.

In 46 Ohio St. 652, the court lays down the general proposition that the right of action for an account is complete when the partnership is dissolved (Ib. 660), and that "the essential allegations of a petition, in the crdinary case for the settlement of partnership, are the fact of a partnership between the parties, the transaction of a partnesship business by them under it, its dissolution, and unsettled accounts growing out of it. These facts appearing the petition is not demurrable. The judgment under the code in such case is as flexible as the former decree in chancery, and may be sufficiently comprehensive to determine the ultimate rights of the parties. It may provide for the sale or other disposition of any remaining assets of the copartnership; the collection of outstanding claims, and the payment of any unsatisfied partnership liabilities, and then settle the rights of the parties concerning any surplus of the partnership assets, or reserve their settlement for future adjudication."

I do not think there is anything in either of the authorities (not including 70 Cal.) cited under the third or fourth points which should lead me to depart from the plain words of our own supreme court.

It seems to me the petition states facts sufficient to constitute a cause of action.

As to jurisdiction of this court:

The court of common pleas being the court of general jurisdiction of all actions, legal and equitable, would have jurisdiction of this action unless its jurisdiction is taken away by an act of the legislature.

If the plaintiff has an adequate remedy at law, this court may refuse to lend its equitable aid.

Sec. 3167 provides that on the death of a partner an inventory and appraisement of the entire assets and liabilities of partneship shall be made by appraisers appointed by the probate court on the application of the surviving partner.

Sec. 3168 provides that if the surviving partner fails or neglects to have such inventory, etc., made, the administrator of the deceased partner may.

Sec. 3169 provides that the surviving partner may, under certain conditions, take the interest of the deceased partner; provided that in the event the surviving partner shall refuse or neglect to take the interest of

the deceased partner, the executor, etc., shall apply for the appointment of a receiver for said partnership, who shall thereupon proceed to wind up said partnership and dispose of the assets thereof, and the Probate Court shall be a court of competent jurisdiction in the appointment and control of the receiver therein provided for.

Judge Pugsley held, in the matter of the estate of Crane, Common Pleas Court of Lucas county, reported in 29 W. L. Bul. 93, in reference to this section as amended:

"Under the statute, a receiver is to be appointed only in case the surviving partner refuses to take the interest of the deceased partner. It is also provided that in case the partnership contract or will of the deceased partner provides for a disposition of the deceased partner's interest different from that provided in the statute, then the interest is to be disposed of in accordance with the contract or the will, and in that case no receiver is to be appointed. This would seem to indicate that the provision as to a receiver was adopted solely with reference to the disposition of the deceased partner's interest, and not with reference to the disposition of the firm property or payment of the firm debts by the surviving partner."

It does not seem to me there is any provision in this section under which an account could be taken and a settlement of the affairs of the partnership on such account being taken as is contemplated in 46 Ohio St. 662.

The statute of California, sec. 1585 Deering's Code, provides that the surviving partner has the right to continue in possession of the partnership and settle its business, and account with the administrator; and under this, the court in 70 Cal. 581 held that the surviving partner did not need the interposition of a court of equity to aid him in doing that which he had ample authoriy to do himself.

In 12 Mo. App. 579, the court holds that the Probate Court of Missouri has "'exclusive" original jurisdiction to settle the accounts of partnership estates which can not be ousted by proceedings in equity in the circuit court.

I think the demurrer is not well taken, and should be overruled.

John S. Conner, for the demurrer.

D. Th. Wright and Drausin Wulsin, contra.