## W. B. HANSON v. FIRST NATIONAL BANK OF CENTER.

Decided May 6, 1910.

1.—Practice—Overruling Demurrer—Instructing Verdict.

It is error for a trial court to refuse to admit evidence in support of a plea and to instruct a verdict against the same after having overruled general and special exceptions thereto.

2.—Bankrupt—Failure to Schedule Asset—Right to Sue—Estoppel.

When the failure of a bankrupt to schedule an asset (as for instance a

claim for damages) is not done for the purpose of concealing his property, and the trustee is fully informed of the existence of the claim and refuses to prosecute it for the benefit of his creditors, the title to such asset reverts to the bankrupt when the bankrupt proceedings are closed, and the bankrupt is not estopped from thereafter prosecuting the same in his own name and for his own benefit.

#### 3.—Same—Claim for Damages.

Intimated that a claim by a bankrupt for damages for a wrongful and malicious suing out of an attachment is not a cause of action that could be prosecuted by a trustee in bankruptcy.

#### 4.—Same—Title of Trustee—Reversion to Bankrupt.

The title of a bankrupt to his property, real or personal, passes to the trustee only for the purpose of the trust, and when the trust has been administered the special title of the trustee reverts to and becomes merged in the original title of the bankrupt.

#### 5.—Appeal—Affirming Judgment—Practice.

That the trial court erred in overruling instead of sustaining general and special exceptions to a plea in reconvention is no reason why the judgment of the trial court should be affirmed against the appellant instead of being reversed and the cause remanded when the trial court thereafter erroneously held that appellant was estopped to set up said plea. A party should not thus be denied an opportunity to amend a defective plea.

#### 6.—Same—Absence of Cross Assignments.

In the absence of a cross assignment complaining of the action of the trial court in overruling exceptions to a plea in reconvention, the appellate courts will not pass on the sufficiency of the plea as against special exceptions.

Appeal from the District Court of Shelby County. Tried below before Hon. James I. Perkins.

*F. P. Brewer* and *Bryarly, Carter & Walker,* for appellant.—Where any part of the estate of a bankrupt is left out of the administration of the estate, and the same has been tendered to the trustee, and the said trustee, after having full time to elect whether or not he will take said part of said estate, declines to do so, and winds up said estate without taking possession or any notice of said part, the same reverts to and becomes the property of the bankrupt. Herndon v. Davenport, 75 Texas, 462; Jones v. Pyron, 57 Texas, 47; Hunter v. Hodgson, 95 S. W., 637; 16 Am. & Eng. Ency. Law, 3d ed., p. 745; 1 Federal Stats., Annotated, 701.

*D. M. Short & Sons,* for appellee.—In a suit where a cross action has been filed by a defendant setting up new matter and asking a judgment on said cross-action against the plaintiff and praying for specific relief, to which cross-action general and special demurrers have been raised, and the court instructs a general verdict against said cross-action, and on appeal an inspection of the record shows that said cross-action is bad on general demurrer, the action of the lower court will be sustained, even though it appears that the court's action was based upon the insufficiency of the testimony to sustain said cross-action, rather than upon the insufficiency of the cross-action to state a cause of action. Avery v. Popper, 92 Texas, 337; Derry Council v. State Council, 80 Am. St. Rep., 842; Little Rock & M. Ry. Co. v.

Wilson, 25 Am. St. Rep., 693; Short v. Taylor, 59 Am. St. Rep., 508; Estate of Grossman, 67 Am. St. Rep., 219.

PLEASANTS, CHIEF JUSTICE.—Appellee brought this suit against appellant to recover an alleged indebtedness of $8,296, and, upon the ground that the defendant was about to secrete his property for the purpose of defrauding his creditors, sued out a writ of attachment which was levied upon a stock of goods, storehouse, mill and gin house belonging to the defendant. Shortly after this suit was filed the defendant was adjudged a bankrupt in proceedings instituted for that purpose by some of his creditors in the United States Court for the Eastern District of Texas, and all the property levied on under said writ of attachment passed into the hands of that court and was disposed of in said bankruptcy proceedings. The proceeds of the sale of the property which came into the possession of the trustee in bankruptcy was only sufficient to pay about ten percent of the indebtedness of the defendant.

The defendant received his discharge in bankruptcy, and thereafter, and after the close of the bankruptcy proceedings, he filed an amended answer to plaintiff's petition in this suit, which had been continued pending the bankruptcy proceedings, in which answer he pleaded in reconvention against plaintiff damages in the sum of $20,952.50.

The cause of action set up in said plea in reconvention is, in substance, that plaintiff had contracted with the defendant to furnish him all the money necessary to carry on his business, pay his creditors and purchase cotton during the cotton season of 1902 and 1903, for which defendant was to pay plaintiff interest at the rate of ten percent per annum; that plaintiff furnished him with money for a short time under said contract, and then, without any just cause, refused to furnish him further and brought this suit against him, and wrongfully and maliciously sued out the writ of attachment and had same levied upon his, defendant's, property; that defendant fully and faithfully complied with the terms of his contract with plaintiff, and if plaintiff had complied with same defendant would have made money and have paid all of his debts, but that by reason of the plaintiff's failure to comply with its contract and its wrongful and malicious act in suing out said attachment, defendant was forced into bankruptcy, and all of his property was sacrificed, and he has been greatly wronged, injured and damaged. Of the damages claimed, a large portion is claimed as exemplary damages for the wrongful and malicious suing out of the attachment.

The plaintiff filed general and special exceptions to this plea, all of which were overruled by the court. It also pleaded that the money obtained by the defendant from it and for the recovery of which this suit was brought, was obtained by fraud, and therefore defendant's discharge in bankruptcy did not release him from liability therefor, and further, that defendant had failed to include in his schedule of assets filed in said bankruptcy court his alleged claim for damages against plaintiff, and he was, therefore, not entitled to recover thereon.

The cause was tried with a jury, and, after hearing the evidence of plaintiff on the issue of whether the money sued for by it was ob-

tained by fraud, and the evidence showing the failure of the defendant to include his claim for damages as one of his assets in the schedule filed by him in the bankrupt court, the court refused to hear any evidence on the defendant's claim for damages, and instructed the jury to find for the defendant against plaintiff's claim, and for the plaintiff against defendant's claim for damages.

A verdict was returned in accordance with these instructions, and judgment rendered accordingly. From this judgment the defendant has appealed.

Having overruled the exceptions to defendant's plea in reconvention, the trial court erred in refusing to hear evidence in support of said plea and in instructing the jury to return a verdict in favor of plaintiff. This ruling was based upon the theory that defendant, having failed to include his claim against the plaintiff in the schedule of assets filed by him in the bankrupt court, is now estopped to assert same against plaintiff.

We do not think this view of the law is sound. The property of the bankrupt all passed to the trustee by virtue of the adjudication of bankruptcy, and the failure of the bankrupt to include this claim in his schedule of assets could not have prevented the trustee from prosecuting it for the benefit of the creditors. If the bankrupt had concealed the existence of such claim from the trustee and the proceedings in bankruptcy had closed without knowledge on the part of the trustee of the existence of this claim, and it should be held a claim which could pass to the trustee and be prosecuted by him for the benefit of the creditors, we think the appellant should be held estopped to thereafter assert the claim for his own benefit. But such are not the facts in this case. Appellant failed to schedule the claim because he was uncertain whether it was an asset of his estate which could pass to the trustee for the benefit of the creditors, but he afterwards informed the trustee of the claim, and requested him to prosecute same for the benefit of the creditors. This the trustee declined to do.

The causes of action in favor of the bankrupt which, under the bankrupt Act, pass to the trustee, are, "rights of action arising upon contracts or from the unlawful taking or detention of or injury to his property." Annotated Fed. Stats., vol. 1, page 701. In the construction of this statute by the courts it has been held that a cause of action for damages arising out of a personal wrong suffered by the bankrupt does not pass to the trustee and can not be prosecuted by him for the benefit of the creditors. In the case *In re* Haensell, 91 Fed. Rep., 355, it is held that a cause of action for malicious prosecution was personal to the bankrupt and could not be prosecuted by the trustee. Under the authorities cited in that case it would seem that appellant's claim for damages for the alleged wrongful and malicious suing out of the attachment is not a cause of action which could have been prosecuted by the trustee. But be this as it may, the trustee having failed to prosecute the claim and the bankruptcy proceedings being closed, all the property of the bankrupt, including this claim against appellee, reverted to him and, as before stated, we can not think his failure to schedule the claim under the circumstances stated estops him from

now asserting it against the appellee. Jones v. Pyron, 57 Texas, 47; Herndon v. Davenport, 75 Texas, 462; Hunter v. Hodgson, 95 S. W., 637.

It is true that in each of the cases cited the property held to have reverted to the bankrupt was real estate, but the principle is the same whether the property undisposed of by the trustee be real or personal. The title only passed to the trustee for the purpose of the trust, and when the administration of the trust was completed and the trustee discharged, his special title to the property undisposed of in the administration of the trust reverted to and became again merged in the original title of the bankrupt.

It is urged by appellee that the judgment of the court below should be affirmed on the ground that appellant's plea in reconvention is insufficient to show a cause of action, and the general demurrer should have been sustained thereto. It is a sufficient answer to this to say that the trial court overruled the general demurrer and special exceptions presented by appellee, and, relying upon this ruling, appellant went to trial upon this pleading and judgment was rendered against him on the appellee's plea of estoppel. In these circumstances, having found that the plea of estoppel was not sustained, we could not affirm the judgment on the ground that the general demurrer should have been sustained to the plea in reconvention, for such holding would deny appellant the right to amend his pleading. The trial court having held the plea good, appellant had the right to rely upon such holding, and the judgment against him should not be affirmed on the ground that the court erred in not sustaining the general demurrer. If the rule was otherwise, we would not hold the plea in reconvention bad on general demurrer. There are no cross-assignments complaining of the action of the trial court in overruling appellee's special exceptions to the plea in reconvention, and we are not called upon to pass upon the sufficiency of the plea as against special exceptions.

For the error before shown, the judgment of the court below is reversed and the cause remanded.

*Reversed and remanded.*