No. 23,174

W. F. METZ, *Appellant,* v. JONAS D. EMERY, *Appellee.*

SYLLABUS BY THE COURT.

1. PARTNERSHIP—*Action for Accounting—Petition Stated Cause of Action.*
The fact that a plaintiff who instituted an action for an accounting of the
business of a partnership which had been dissolved is unable to state or
fails to state the amount that will be found to be due to plaintiff on such
accounting does not prevent an accounting, and especially where it is al-
leged by plaintiff that the defendant partner had appropriated and con-
verted to his own use the profits of the firm business whereby he became
indebted to the plaintiff in a considerable sum.

2. BANKRUPTCY—*Property of Bankrupt of Unprofitable Character Undisposed
of by Trustee in Bankruptcy When Trust is Closed Reverts to Bankrupt.*
While all the property and rights of action of a bankrupt, except that
which is exempt, pass to the trustee in bankruptcy, he is not required to
accept assets or rights which are of an onerous or unprofitable character,
and where rights of action are not accepted and asserted during his trustee-
ship and the trust is closed, the trustee discharged, and the assets of the
trust distributed, the title to such rights reverts to the bankrupt.

Appeal from Cloud district court; JOHN C. HOGIN, judge. Opinion filed
February 11, 1922. Reversed.

*Olin Hunter,* and *Tom Kennett,* both of Concordia, for the appellant.
*Park B. Pulsifer, Charles L. Hunt,* and *Clyde L. Short,* all of Concordia,
for the appellee.

The opinion of the court was delivered by

JOHNSTON, C. J.: This action was brought by W. F. Metz against
J. D. Emery, a former partner, asking for an accounting of the part-
nership business and the recovery of certain sums of money alleged
to be due from him to plaintiff and for one-half of the profits of
the business as might be found to be due by the accounting. In his
original petition he alleged that during the partnership Emery was
in the active management of the firm business and that he appro-
priated and converted to his own use various assets and sums of
money belonging to the partnership and thereby became indebted
to the plaintiff, the exact amount of which he was unable to state
owing to the fact that the defendant was in the control of the busi-
ness. It was further alleged that plaintiff was compelled to pay a
certain judgment rendered upon a firm liability amounting to $1,-
800, one-half of which the defendant owed to the plaintiff. He
therefore prayed for a full accounting of· all the partnership busi-
ness and that the defendant be adjudged to pay one-half of the

profits to the plaintiff and also $900, one-half of the amount plaintiff was compelled to pay on the judgment against the firm.

. On motion of the defendant, the plaintiff was ordered to set out more fully in his petition the time he paid the judgment for $1,800, how and by whom it was paid, and if paid by another to state in what capacity such person was acting, and that if it was paid by his trustee in bankruptcy whether or not plaintiff had been discharged as a bankrupt. Accordingly plaintiff filed an amended and supplemental petition and in addition to his former averments alleged that the judgment was paid in June, 1918, by his trustee in bankruptcy appointed and acting in a case in the United States district court against plaintiff and was paid under an order of distribution made by that court in the bankruptcy case. It was further alleged that while the bankruptcy case was closed, the assets distributed and the trustee discharged, plaintiff's application for a discharge had been refused, all of which occurred before the present action was brought. The plaintiff also alleged that on November 25, 1919, he was compelled to pay upon a judgment rendered on partnership liability the sum of $2,000, in cash derived from exempt insurance policies, also executed his note to the judgment creditor for $2,500, due in monthly installments of $50 each, and he therefore asked to recover $2,350 upon this transaction, besides the $900 already mentioned and also one-half of the profits found to be due on an accounting of the firm business covering the period of the partnership.

The defendant objected to the jurisdiction of the court as to the last cause of action set out in the amended petition, but that objection was overruled and that ruling against the defendant is not brought up for consideration in this appeal.

The defendant demurred to the amended and supplemental petition upon the ground that it did not state a cause of action or ground of recovery on which plaintiff could maintain an action against the defendant, and this demurrer the court sustained. Of this ruling the plaintiff complains.

It is contended that plaintiff had not stated sufficient facts to require an accounting. He had alleged the existence of the partnership, that it had been dissolved, that there had been no accounting of the partnership business and that during the existence of the partnership assets and funds of the firm had come into defendant's hands which he had misappropriated and by reason of which

he was indebted to plaintiff in a large sum, the exact amount of which he was unable to state. An action for accounting is an appropriate remedy for the adjustment of partnership affairs where the relation has ended without a settlement between the partners. It has been said:

"There is an implied obligation between general partners that on the termination of the partnership they will account to each other and settle and pay any balances due among themselves. To bring about such accounting and settlement a cause of action will lie." (*Brooks v. Campbell,* 97 Kan. 208, 210, 155 Pac. 41.)

It is said that the plaintiff failed to allege the state of the accounts or that any particular amount would be due to him upon an accounting. This is not essential to the maintenance of the action. He does state that there were profits which had been kept and converted by the defendant, and he set forth reasons why he could not give the status of the accounts or the amount of the profits. One of the grounds for an accounting is the matter of discovery, and the absence of a statement of the amount due manifestly does not prevent an accounting. Accounting is the ordinary remedy used in settling mutual accounts between partners where the partnership has been dissolved, and the facts stated appear to warrant a general accounting between the plaintiff and defendant. (*Carlin v. Donegan,* 15 Kan. 495; *Norman v. Conn,* 20 Kan. 159; *Turner v. Otis,* 30 Kan. 1, 1 Pac. 19; *Clarke v. Mills,* 36 Kan. 393, 13 Pac. 569; 30 Cyc. 681.)

There is a further contention that the claims against the defendant passed to a trustee in bankruptcy and are no longer available to the plaintiff as a cause of action against the defendant. It may be observed that the partnership was not adjudged a bankrupt. The right of the plaintiff to contribution for payments of partnership liabilities arose after the plaintiff was adjudged a bankrupt. The general rule is that all property and rights of action, except that which is exempt, pass to a trustee in bankruptcy. Whatever rights the trustee mentioned might have had to the claims of plaintiff against defendant, it does not appear that he asserted any. The trustee is not required to accept assets or rights of the bankrupt which are of an onerous or unprofitable character. It may be that the trustee deemed the claims of plaintiff to be of such a questionable character and of so little value that he concluded not to risk the burden and the expense of the litigation against defend-

ant. At any rate it does not appear that he claimed the rights during his trusteeship, and it is alleged that the trust had been closed and the trustee discharged. The inference from these averments is that the claims have been abandoned, and in such case the bankrupt may assert title to property which the trustee declines to accept. (3 R. C. L. 229.) Assets or rights renounced by a trustee are not extinguished by the bankruptcy proceeding, and if they are not barred by some statute of limitation the right to recover on them may be asserted by the bankrupt after the trust estate is closed. (*Beeson v. Shively,* 28 Kan. 574.) In speaking of one Hagener, who had been adjudged a bankrupt and the interest he retained in unadministered assets, it was held that upon the qualification of the trustee all of the property of the bankrupt vested in a sense in the trustee and that any of the property not disposed of by him reverted to the bankrupt. It was there said:

"But at all times Hagener had an actual interest in the property, which became a perfect title when it was not needed to pay his indebtedness or when for any reason the trustee was discharged without having used it for that purpose. This interest in the land in question, with the rents thereof, Hagener and wife conveyed to the appellees before he was discharged in the bankruptcy proceeding, and upon his discharge all his rights in and to the property held by the trustee reverted to his grantees." (*Robertson v. Howard,* 82 Kan. 588, 596, 109 Pac. 696.)

In another case dealing with the reversion of unclaimed and unadministered property of a bankrupt, it was held that:

"The title only passed to the trustee for the purpose of the trust, and when the administration of the trust was completed and the trustee discharged, his special title to the property undisposed of in the administration of the trust reverted to and became again merged in the original title of the bankrupt." (*Hanson v. First National Bank of Center,* 61 Tex. Civ. App. 18, 22. See, also, *Griffin v. Mutual Life Ins. Co.,* 119 Ga. 664.)

It is said that the trustee may have had no knowledge of and did not in fact abandon these claims and further that the trust may be or may have been reopened on the application of creditors, but averments carrying a different import are set forth in plaintiff's pleading, and if such facts exist they may be set up in the defendant's answer.

The judgment will be reversed and the cause remanded with the direction to overrule the defendant's demurrer to the amended and supplemental petition of plaintiff.