## Saylor's Estate

*Bankruptcy—Judgments—Assets of bankrupt estate—After acquired property—Payment to trustee for benefit of creditors.*

Where a trustee in bankruptcy paid a judgment which was a lien against the real estate of the bankrupt, for which the latter was only liable as surety and took the assignment thereof in his own name, as trustee, and the judgment during the trusteeship was uncollectible, but was subsequently paid, the amount due thereon should be paid to the trustee in bankruptcy, or his successor, and the proceeds thereof distributed to the creditors of the estate.

A discharge in bankruptcy does not transfer to the bankrupt the assets of his estate in bankruptcy; it only relieves him of liability

for any scheduled debts which he owed at the date of his being adjudicated a bankrupt, leaving the creditors to look to the bankrupt estate for payment in whole or in part. The fact that a trustee was discharged from his trust before a judgment was paid or collectible does not operate to pass title to unconverted property, the amount of the judgment, to the bankrupt, as long as his creditors remain unpaid. A new trustee may be elected and distribution of the proceeds made among those entitled thereto.

The Bankruptcy Act specifically authorizes the court having jurisdiction of bankruptcy matters to reopen the bankrupt's estate whenever it appears that it was closed before being fully administered.

Argued April 15, 1925. Appeal No. 155 April T., 1925, by Otho O. Saylor, Executor, from decree of O. C. Somerset County, No. 75 of 1921, In re Estate of Virgil R. Saylor, deceased. Before HENDERSON, TREXLER, KELLER, and LINN, JJ. Reversed.

Exceptions to executors account. Before BERKEY, P. J.

The facts are stated in the opinion of the Superior Court.

The court sustained the exceptions. The executor appealed.

*Error assigned,* among others, was the decree of the court.

*Joseph Levy,* and with him *Fred W. Biesecker,* for appellant, cited: In re Lighthall, 221 Fed. 791.

*Clarence L. Shaver* for appellee.—Property acquired by the bankrupt after the filing of the petition is not property which "prior to the filing of the petition he could by any means have transferred": In re Judson, 192 Fed. 834; 27 Am. Bankr. 704.

After acquired property of a bankrupt, after adjudication, is not properly a part of the "assets" to be administered: In re Hogan, 194 Fed. 846; In re LeClaire, 124 Fed. 654; In re McDonnell, 101 Fed.

239; Progressive Building, etc., Co. v. Hall, 220 Fed. 45; Bank of Elberton v. Swift, 268 Fed. 305.

A trustee in bankruptcy acquires no title to money or property in the hands of third persons which did not belong to the bankrupt prior to the adjudication: Clay et al. v. Waters, 161 Fed. 815.

Judgment was abandoned by the trustee: American File Co. v. Garrett, 110 U. S. 288; In re Graff, 242 Fed. 577; Hanson v. First National Bank, 128 S. W. 1147; Metz v. Emery, 204 Pac. 734.

OPINION BY KELLER, J., July 9, 1925:

On the distribution of the estate of Virgil R. Saylor, deceased, a judgment standing in the name of Ernest O. Kooser, trustee in bankruptcy of John S. Shafer, bankrupt, (No. 228, December Term, 1908) was entitled to be paid in full. John S. Shafer claimed the award should be made to him because he had been discharged as a bankrupt and his trustee, (Kooser), had filed his account and been discharged as trustee.

The judgment came into the ownership and possession of the bankrupt estate in the following manner: It was originally confessed by Virgil R. Saylor and John S. Shafer in favor of E. K. Gallagher, cashier, Shafer being surety for Saylor. It was a lien on Shafer's land when he was adjudicated a bankrupt and in order to dispose of the bankrupt's real estate the trustee was compelled to buy the judgment, paid for it out of the funds of the bankrupt estate, and took an assignment thereof. It was not collected or collectible at the time the bankrupt estate was settled and distributed, nor was it disposed of by the trustee prior to his discharge. The unsecured creditors of the bankrupt were not paid in full but received only a dividend on their claims.

The orphans' court awarded the amount of the judgment and interest to Shafer.

To sustain this action the appellee takes two rather

conflicting positions. (1) He claims ownership of the fund on the ground that the judgment was abandoned by the trustee, and cites in support thereof: American File Co. v. Garrett, 110 U. S. 288; In re Graff, 242 Fed. 577; Hanson v. First National Bank, 128 S. W. 1147; Metz v. Emery, 204 Pac. 734. But these were all cases where the trustee refused to accept property belonging to the bankrupt as part of the bankrupt estate, because he thought it worthless or too heavily burdened to be of value to the estate. They have no application here (a) because the judgment was not property or an asset of the bankrupt at the time of his adjudication as such, but a lien against his real estate; and (b) all idea of nonacceptance or abandonment is negatived by the fact that the trustee bought the judgment out of the funds of the bankrupt estate and took an assignment of it. He assumed control over the judgment in the only way possible; and has done nothing to divest the estate of its ownership.

(2) The second position assumed by the appellee is that the judgment was property acquired by him after he was adjudicated a bankrupt and hence did not pass to his trustee, citing: Whitlock's License, 39 Pa. Superior Ct. 34; Clay v. Waters, 161 Fed. 815; Bank of Elberton v. Swift, 268 Fed. 305; Collier on Bankruptcy, 13th ed. (1923), vol. 1, p. 600. It is undoubtedly the law that property passing to or acquired by a bankrupt after his adjudication does not become assets of his bankrupt estate, and is not chargeable with his debts provable at the date he was adjudicated a bankrupt, provided he obtains a discharge in bankruptcy. The principle is too well established to require citations to support it. But it has no application here. This judgment is not in the same situation as property inherited, bequeathed to, or acquired by a person after his adjudication as a bankrupt. It never passed to or was acquired by appellee. It was bought by the trustee out of the funds of the bankrupt estate; was acquired by

the trustee and title to it taken in his name for the benefit of the bankrupt estate; and ownership of it belongs to the estate until such time as it is conveyed to the bankrupt by order of court or becomes his automatically by payment in full of all his debts existing at his adjudication: Johnson v. Norris, 190 Fed. 459.

A discharge in bankruptcy does not transfer to the bankrupt the assets of his estate in bankruptcy; it only relieves him of liability for any scheduled debts which he owed at the date of his being adjudicated a bankrupt; leaving the creditors to look to the bankrupt estate for payment in whole or in part.

Nor does the fact that the trustee was discharged from his trust before the judgment was paid or collectible operate to pass title to unconverted property to the bankrupt, as long as his creditors remain unpaid. A new trustee can be elected and distribution of the proceeds made among those entitled thereto. It was done in In re Lighthall, 221 Fed. 791, a case very similar in its facts to this one.

The Bankruptcy Act specifically authorizes the court having jurisdiction of bankruptcy proceedings "to reopen them [bankrupt estates] whenever it appears that they were closed before being fully administered": Acts July 1, 1898, c. 541, section 2, 30 Stat. 545; Feb. 5, 1903, c. 487, section 1, 32 Stat. 797; June 25, 1910, c. 412, sections 1, 2, 36 Stat. 838; Barnes' Federal Code, section 9087; Remington on Bankruptcy, section 2971, etc.; In re Newton, 107 Federal 429; In re Goldman, 129 Federal 212; In re Levy, 259 Federal 314, 316.

The decree is reversed and it is ordered that the amount due on the judgment to December Term, 1908, No. 228, be paid to a successor in the trust to be elected pursuant to the Federal Bankruptcy Act as trustee of the bankrupt estate of John S. Shafer, bankrupt. Costs to be paid by appellee.