## SEARS *v.* TAYLOR.

1. Title by occupancy is, under the statute of Colorado, an interest in real estate, and such an interest as may be the subject of conveyance by deed.

2. A general averment in a declaration, that the plaintiff, on a day specified, was in possession of the premises in question, and that afterward, on a day specified, the defendant entered thereon, and unlawfully withheld possession from the plaintiff, sets out a sufficient cause of action. (R. S. 1868, p. 274, § 7.)

3. Ejectment is a possessory action, and to maintain it the defendant must be in possession, actual or constructive, at the time of the commencement of the suit, and possession is presumption of ownership until the contrary is shown. Prior possession alone in the plaintiff will entitle him to recover as against a mere intruder, whose entry is without right or title.

4. Where the plaintiff avers title in fee, proof of possession is evidence of seizin in fee in him ; no further or higher evidence of title is required until the defendant shows an anterior possession or has traced title from a paramount source. Hence, if a less estate than a fee is averred, proof of possession is presumptive evidence of seizin under such averred title.

5. The plaintiff need not go back in his title further than to antedate that of the defendant.

*Appeal from District Court of Clear Creek County.*

THE case is stated in the opinion.

Messrs. SAYRE, WRIGHT & BUTLER, for appellant.

Mr. E. L. SMITH, for appellee.

STONE, J. This was an action of ejectment brought by the appellee for the possession of a parcel of the public domain, described as placer-mining ground, and which appellee claimed by right of possession.

There was a verdict and judgment, in the court below, for the plaintiff, from which the defendant appealed to this court; and error is assigned by appellant, upon exceptions to certain evidence given on behalf of appellee, at the trial, and for the giving of the following instructions to the jury by the court upon its own motion :

1. "If the plaintiff had actual possession of the premises in controversy, and the defendant entered upon them during such occupancy by the plaintiff, for the purpose of making a survey with a view to procure a government title, the plaintiff may recover."

2. "But with respect to possession and occupancy, it is to be observed that the exterior boundaries of the land claimed by the plaintiff were not marked; and therefore he cannot recover more than he had improved, unless at or before the time of the alleged survey, he pointed out the boundaries of his claim to the defendant. If the plaintiff made known the boundaries of his claim to the defendant, at or before the time of the alleged survey, and he was then in the actual possession of any part of the claim, such possession should be regarded as extending to the whole claim. But if he did not point out the boundaries, his possession cannot extend beyond the surface which he may have leveled, or otherwise changed in such manner that the possession was visibly marked. If you believe, from the evidence, that the plaintiff purchased from Skinner, he acquired thereby no right whatever which he can now assert. He must recover upon actual and visible possession of the ground, if at all; and whether he had such possession at the time of the alleged survey by defendant, and the state of his possession, you are to determine, upon the evidence, as a matter of fact and not of law."

3. "If you find for plaintiff you should describe the premises, and declare in your verdict that the plaintiff is entitled to possess and occupy them. If you find for the defendant, your verdict will be simply 'not guilty.'"

Upon the evidence, as disclosed by the record, the foregoing instructions correctly set forth the law as applicable to the case.

That portion of the second instruction referring to the appellee's purchase from Skinner is evidently based upon the fact that the transfer was by parol, and not by deed as required by statute, and was therefore invalid; and no

notice to defendant, or any one else, of the vendee's claim
in any respect whatever.  A title by occupation is, under
our statute, an interest in real estate, and such an interest
as is the subject of conveyance by deed.  *Gillett et al.* v.
*Gaffney et al.*, 3 Col. 351.

Appellant also assigns for error the refusal of the court
to give certain instructions asked by the defendant below.

The second and third of said instructions refer to deriva-
tion of appellee's title from Skinner, the first occupant of
the ground in controversy ; but as the second of the in-
structions given by the court and set forth above, denies to
appellee any right by virtue of his purchase from Skinner,
it was unnecessary to give the instructions asked upon that
point; nor was the appellant prejudiced by such refusal.

The only other instruction, for the refusal of which error
is assigned, that we need notice is as follows :

4.  " The plaintiff in this case claims the property in
question in the first count of the declaration, by virtue of
the local laws and customs of Grass Valley and Ohio Min-
ing Districts, and by occupation and purchase ; and in or-
der to recover on said count, he must show what the laws
and customs of said districts were, and that he complied
with the same."

Section 8 of the chapter on Ejectment (R. S. 274), in force
at the commencement of this suit, requires the plaintiff in
this action to declare the nature of the estate claimed,
whether in fee or otherwise.  One of the objects of this is
to give the defendant notice of the character of the title
which he is called upon to defend against.  Appellee, in
his declaration, described the ground in controversy as a
parcel of placer-mining ground ; and concluded by an aver-
ment in the first count, that he claimed the right to occupy
and possess the same by virtue of and under the " local
laws, rules and customs of Grass Valley and Ohio Mining
Districts ; " and that he claimed the said premises " for
mining and building purposes by occupation and pur-
chase."  The general averment in the declaration, that the

plaintiff, on a day specified, was in possession of the prem-
ises in question, and that afterward, on a day specified, the
defendant entered thereon, and unlawfully withholds pos-
session from the plaintiff, sets out a sufficient cause of
action. The appellee proved an unequivocal, exclusive and
continued possession for three years previous to the alleged
entry of appellant. The possession of appellant was at
most but constructive merely, the entry being made in or-
der to survey the ground, for the purpose of procuring a
patent for it, together with other ground which he claimed
adjoining. The evidence even shows that the appellant,
before his entry, so far admitted the right of appellee, that
he offered to pay the latter a certain price for the premises.
No testimony whatever was offered by the appellant on the
trial.

Ejectment is a possessory action; and to maintain it, the
defendant must be in possession, actual or constructive, at
the time of commencing the suit. This possession is presump-
tive of ownership until the contrary is shown. The plaintiff
in such action avers prior possession and right of possession,
by fee or otherwise. If he shows such prior possession upon
trial, the title he has declared upon will be presumed, with-
out his being required to trace his title back to its origin,
in the first instance. If, however, the defendant controverts
such title or *jus possessionis*, the plaintiff may then go
back to establish such right; and so each party seeking to
establish paramount title may alternate proof until the point
is reached, where the title of one antedates that of the other,
and the contest be determined.

In the case of *Smith* v. *Lorillard*, 10 Johns. 356, Chief
Justice KENT, in delivering the opinion of the court, epito-
mizes the principles of this action as applied to cases rest-
ing upon possessory rights, as follows : " That the first pos-
session should in such cases be the better evidence of right,
seems to be the just and necessary inference of law. The
ejectment is a possessory action, and possession is al-
ways presumption of right, and it stands good until other

and stronger evidence destroys that presumption. This presumption of right, every possessor of land has in the first instance, and after a continued possession for twenty years under pretense or claim of right, the actual possession ripens into a right of possession which will toll an entry. But until the possession of the tenant has become so matured, it would seem to follow that if the plaintiff shows a prior possession, and upon which the defendant entered without it having been formally abandoned as *derelict*, the presumption which arose from the tenant's possession is transferred to the prior possession of the plaintiff, and the tenant to recall that presumption must show a still prior possession; and so the presumption may be removed from one side to the other, *toties quoties*, until one party or the other has shown a possession which cannot be over-reached, or puts an end to the doctrine of presumptions founded on mere possession, by showing a regular legal title or right of possession."

It is an elementary principle, having almost the force of a legal maxim, applicable to cases of this sort, that prior possession alone in the plaintiff will entitle him to recovery as against a mere intruder, whose entry, as in this case, is without right or title. And it matters not in such case, what is the character of the title declared on, whether in fee or by virtue of local mining laws, or a right of possession generally.

The appellee, having made out a *prima facie* case, was not required to go farther until his title already shown had been attacked. Had the appellant controverted the validity of the appellee's possessory right by setting up an adverse right of like nature, proof of compliance with the local laws on the part of the plaintiff below, as averred in his declaration, might then have become necessary.

The prior possession of the plaintiff being uncontroverted, a legal presumption arose that he had complied with all the requirements of the *lex loci* peculiar to that mining district necessary to the acquisition of the title upon which he had declared.

The supreme court of California, in an opinion delivered by Justice FIELD in the case of *Keane* v. *Cannovan,* 21 Cal. 305, held, that even where the plaintiff avers title in fee, proof of possession is evidence of seizin in fee in him, and no further or higher evidence of title is required to enable him to recover until the defendant has shown an anterior possession, or has traced title from a paramount source. And this is the settled ruling of the courts of that State. *A. H. Association* v. *Willard,* 48 Cal. 617 ; *Winans et al.* v. *Christy et al.,* 4 id. 70 ; *Bird* v. *Lisbros,* 9 id. 1 . For the general rule upon this point, see, also, Tyler on Ejectment, pp. 70–74, and the numerous cases there cited.

Hence if any less estate than a fee is averred, proof of possession is presumptive evidence of seizin under such averred title.

This rule is consistent with the underlying doctrine, that the State or general government, in its corporate and sovereign capacity, holds and always retains the absolute and ultimate right of property in and to all the land within its territorial limits ; and that possession in an individual is *prima facie* evidence of the grant of an estate from the sovereign authority. Bingham on Real Estate, pp. 2–5.

Hence the plaintiff need not go back in his title further than to antedate that of the defendant.

Under an averment of the plaintiff's ownership in fee and right to the possession of the land, at the date of the commencement of the suit, he may prove any facts which would entitle him to possession at that time. *Gillespie* v. *Jones,* 47 Cal. 263.

It was therefore unnecessary for the appellee to prove more than he did to establish *prima facie* his right of possession at the commencement of his suit.

There was no error in the admission of the testimony objected to by the defendant in the court below, that could, in view of the instructions given, prejudice the appellant.

The judgment will accordingly be

*Affirmed.*