MARY GERBA

*v.*

MIKE MITRUSKE.

[Decided February 19th, 1914.]

1. In a suit for the specific performance of an agreement to convey a lot of land and the building thereon—*Held,* upon the evidence, that the building stood wholly upon the complainant vendor's lot, and did not encroach upon the adjoining lands owned by a stranger.

2. In a suit for the specific performance of an agreement to convey land, at the time of the commencement of suit subject to another like agreement to sell made by the complainant vendor with a stranger, and also to a subsisting lease held by a stranger, the complainant is entitled to a decree where, at the time of the making thereof, such other agreement had been released, and the lease had expired by its own terms.

On final hearing on bill, answer, replication and proofs.

*Mr. Adrian Lyon,* for the complainant.

*Mr. Thomas Brown,* for the defendant.

HOWELL, V. C.

I am satisfied, not only from the evidence adduced on the hearing, but from a study of the maps that were put in evidence, that the building on the Gerba lot stands wholly within the lines of the lot which was conveyed to her and her husband by Richnowsky and wife on August 10th, 1895. Mitruske knew all about the property because he occupied it as a tenant at the time he made the agreement to purchase it. What he undoubtedly bargained for was the lot as conveyed by Richnowsky, and while the lot described in the agreement is substantially smaller than that described in Mrs. Gerba's deed, yet Mrs. Gerba proposes to convey to him the same lot as was conveyed to her. One of the objections raised by the defendant was that the building in question did not stand wholly upon the Gerba lot, that it encroached upon the adjoining property, which belonged to other people, and that therefore the complainant was not able to give title to the land so encroached upon. This I find to be a mistake, and the point must be decided in favor of the complainant.

There were two other objections made to the title: one was that Mrs. Gerba had made a prior contract to sell the same premises to a man named Kish, and the other was that a brewing company held a lease upon the premises which was a subsisting document at the time of the Mitruske agreement. These no longer stand in the way of a specific performance of the contract. The Kish agreement has been released and the brewing company's lease has expired by its own terms. There is now

nothing in the way of a specific performance of the agreement, and I will advise a decree to that effect. The details will have to be settled at the time of the settlement of the decree.