## ABO LAND CO. v. TENORIO, Sheriff.

### (No. 2363.    June 21, 1920.)

### SYLLABUS BY THE COURT.

1. Where a trustee in bankruptcy elects not to take and charge the estate with incumbered property of the bankrupt, or where he abandons it, the property or right, whatever it is, remains in or revert to the bankrupt.    P. 260

2. Where a trustee in bankruptcy abandons the right to redeem property from an execution sale, such right passes or reverts to the bankrupt, and he may exercise it.    P. 261

Appeal from District Court, Torrance County; Ed Meachem, Judge.

Mandamus by the Abo Land Company against Roman Tenorio, Sheriff, of Torrance County, to compel the is-

suance of a deed. Judgment for defendant, and plaintiff appeals. Affirmed.

RODEY & RODEY, of Albuquerque, for appellant.

R. L. HITT, of Willard, for appellee.

OPINION OF THE COURT.

RAYNOLDS, J. This case comes up on a stipulation as to the facts, which is as follows:

That the suit is a petition for mandamus to compel the sheriff of Torrance county, N. M., to issue to the petitioner, the Abo Land Company, a deed for an undivided two-thirds interest in and to lots 10, 11, and 12 in block 15 of the townsite of Mountainair, Torrance county, N. M., and a deed for an undivided one-half interest in and to the S. W. ¼ of N. E. ¼ and S. E. ¼ of N. W. ¼ of section 6, township 3 north, range 7 east, N. M. P. M., also situated in said Torrance county, N. M.

That on January 29, 1912, the Torrance County Savings Bank recovered judgment in the above-named court against one Spencer and wife, W. M. McCoy & Co., W. M. McCoy, and J. P. Dunlavy. That on February 1, 1915, W. M. McCoy & Co., and W. M. McCoy and J. P. Dunlavy as individuals, were adjudged bankrupts.

That the interests in the lots first above described were scheduled as the individual property of W .M. McCoy, and the interest in the property last above described was scheduled as the property of J. P. Dunlavy.

That on October 26, 1916, the defendant, Roman Tenorio, as sheriff of Torrance county, under an execution issued in the case against Spencer and wife et al., as aforesaid, levied upon and sold by two separate sales the interests, respectively, in the above-described real estate to the petitioner, the Abo Land Company aforesaid, and issued to it his certificates of sale therefor.

That on May 16, 1916, the trustee in bankruptcy obtained an order from the federal judge of New Mexico to abandon the interests in the land last above described as worthless and burdensome, on account of the mortgages to which it was subject, and for the trustee to refuse to take the same into his possession.

That, although all of said bankrupts have long since been discharged, the bankruptcy case is still open and pending in the District Court of the United States for New Mexico.

That within one year from October 26, 1916, the said J. P. Dunlavy attempted to redeem the interests in said real estate,

and the defendant sheriff issued to him certificates of redemption therefor.

That after the expiration of one year from said October 26, 1916, the purchaser of said two interests in each of the pieces of real estate above described, to wit, the Abo Land Company, applied to said sheriff for a deed therefor, but he refused to issue the same to it, because, as he alleged, the said property had been redeemed from said execution sales as aforesaid; hence the petition for mandamus.

That after full proofs were introduced in the cause the court made findings of fact as aforesaid, and in addition found that:

"It is the opinion and judgment of the court that as to the interest in the town lots above described the said J. P. Dunlavy had no right of redemption, as it was the individual property of W. M. McCoy, and as to said interest the writ should be granted; that as to the interest in said property last above described, when the trustee abandoned the same, J. P. Dunlavy's title to the same remained in him, and he had the right to redeem, and that as to such interest the writ should be denied."

That thereupon a proper final judgment was entered in the cause, granting the writ of mandamus as to the interest in the lots, and denying it as to the interest in the tract of land, to which each party duly entered an objection and prayed for and was granted exceptions.

That thereupon the said Abo Land Company, as to that portion of the judgment denying the writ, prayed an appeal to the Supreme Court of the state, which was granted.

Appellant assigns as error the action of the lower court, first, in holding that a trustee in bankruptcy may or can abandon the property of the bankrupt. In this contention we think he is in error.

"It has long been a recognized principle of bankrupt law that a trustee is not bound to take property of an onerous or unprofitable character, or property which will be a burden, instead of a benefit." Loveland on Bankruptcy (3d Ed.) par. 151, and cases cited.

(1) Appellant further assigns as error the holding of the trial court that a bankrupt could redeem at an execution sale, and in failing to hold that the trustee was the only one who had this right to redeem.

The Bankruptcy Act, as above shown by the authorities, permits the trustee to elect whether he will take incumbered property or not, and to elect whether he will abandon incumbered property which he holds in

his possession.   The cases go further, and hold that where the trustee has elected not to take the property, or has abandoned it, whatever title or right the trustee had reverts to the bankrupt, and he may use it.

"Where the trustee elects not to take the property or right of the bankrupt, and charge the estate with it, the property and right, whatever it is, remains in the bankrupt." Loveland on Bankruptcy (3d Ed.) par. 151, and cases cited.

"Upon abandonment or refusal of title by the trustee, the property reverts in the bankrupt." Brandenburg on Bankruptcy (4th Ed.) par. 760, at page 552, and cases cited.

Appellant cites and relies upon the case of In re Lighthall (D. C.) 34, Am. Bankr. Rep. 594, 221 Fed. 791, for the proposition that closing an estate in bankruptcy does not have the effect of transferring "title to the unadministered assets which had vested by operation of law in the trustee back to the bankrupt." The case cited does not apply to the present one, for it was found as a fact in that case that the trustee had not abandoned nor elected not to take the property in question. It further appears that, unlike the present case, the estate had been closed, and the question was whether, upon the estate being closed, the unadministered assets belong to the trustee, or had reverted to the bankrupt. In this case the question is whether or not, by an unambiguous act of the trustee in abandoning the property or right in question, the right or property had passed to the bankrupt.

(2)   It is therefore apparent that the trial court properly refused to issue a  mandamus to the  sheriff, commanding him to make a deed to the appellant for the land in question, where, as here, the bankrupt had exercised, within a year from the date of the execution sale, the right to redeem, which right the trustee had abandoned.

Finding no error in the record, the case is therefore affirmed; and it is so ordered.

PARKER, C. J., and ROBERTS, J., concur.