## No. 10,703.

### CRIPPLE CREEK STATE BANK *v.* RUSSELL.

Decided October 1, 1923.

Action to recover surplus fund alleged to be remaining after the sale of pledged securities. Judgment for plaintiff.

### *Affirmed.*

### *On Application for Supersedeas.*

1. PLEADING—*Amendment.* A defendant cannot, by allegations of a second·amended answer, eliminate the effect of admissions in the first amended answer, without some excuse therefor.

2. PLEDGES—*Sale of Securities—Surplus.* A pledgee of securities cannot relieve itself of its duty to return to the pledgor a surplus remaining from the sale of the securities, by a transfer which was not a sale of the debt.

3. BANKRUPTCY—*Property not Administered upon.* In a bankruptcy proceeding, the estate having been closed and the trustee discharged, any property of the bankrupt not administered upon, reverts to him.

4. PLEADING—*Amendment.* A court is justified in refusing leave to file a third amended answer containing nothing which aids attempted defenses set up in other answers.

*Error to the District Court of El Paso County, Hon. Arthur Cornforth, Judge.*

Mr. H. McGARRY, for plaintiff in error.

Mr. BARNWELL S. STUART, for defendant in error.

*Department Three.*

MR. CHIEF JUSTICE TELLER delivered the opinion of the court.

THE facts out of which the questions before us arise are stated in *Russell v. Cripple Creek State Bank,* 71 Colo. 238, 206 Pac. 160.

After the case had been remanded, a second amended answer was filed, which differs from the answer held by this court to be subject to demurrer only in the fact that it gives a different version of the transaction between the bank and The Golden Cycle Mining and Reduction Company, by which, as it is claimed, the bank was relieved from liability as a pledgee of the securities in question.

The defendant cannot, by the allegations of the second amended answer, eliminate the effects of its admissions in the first amended answer without some excuse therefor. In that answer it appeared clearly that plaintiff's indebtedness to the bank, being regarded as worthless, was, with the collateral securities, transferred to the reduction company under an agreement by which that company was to pay to the bank a sum of money, which it was under obligation to pay, as a stockholder, under an order of the State Bank Commissioner, to make good an impairment of the bank's capital. In the former case we held that the transaction as thus pleaded did not constitute a sale of the debt.

As was there suggested, the bank could not thus relieve itself of its duty as pledgee by a transfer which was in fact no sale. If the bank saw fit to make the reduction

company a present of the supposed worthless assets, it cannot in that way relieve itself of its liability to plaintiff for any excess arising upon a sale of securities pledged.

It is now urged by the plaintiff in error that the bankruptcy of the plaintiff deprived him of any right of action in this matter. The answer alleges that the plaintiff was duly discharged from bankruptcy; that these securities were regarded of no value, and, though listed, were not taken account of by the trustee in bankruptcy. The plaintiff in error is wrong in assuming that under those circumstances the plaintiff had lost his title to the securities in question. The bankruptcy estate having been closed, and the trustee and the bankrupt discharged, the property not administered upon reverted to the plaintiff. Black on Bankruptcy, (3 Ed.), Sec. 237.

The third amended answer rejected by the court contained nothing which aided the attempted defense set up in the other answers. The court was therefore fully justified in refusing leave to file it.

Finding no error in the record, the supersedeas is denied and the judgment is affirmed.

MR. JUSTICE BURKE and MR. JUSTICE CAMPBELL concur.