The complainants agreed in writing to sell to the defendant two apartment-houses. The defendant refused to accept a deed, and pay the purchase price, on the day fixed for the transfer, because the title was not clear, and defends on that ground, and because time was of the essence of the contract.
Five judgments against two former owners in common of the land are recorded liens against the land. One was recovered more than four months before, and four within four months of the filing of a petition in bankruptcy against the judgment debtors. The land being encumbered in excess of its value, the trustee in bankruptcy abandoned it, and thereupon the bankrupts conveyed it to the complainants' predecessor in title.
Under section 70a of the Bankrupt act, real estate passes to the trustee, and under section 67f "all levies, judgments, attachments or other liens obtained through legal proceedings against a person who is insolvent, at any time within four months prior to the filing of a petition in bankruptcy against him, shall be deemed null and void in case he is adjudged a bankrupt." A trustee may abandon property when it is valueless as an asset of the bankrupt estate, whereupon the title reverts to, or, as it is considered, remains in the bankrupt. Lovel. Bankr. (4thed.) 773. The complainants contend that by the section of the Bankruptcy act above quoted the judgments were extinguished as liens upon the land in the hands of the trustee, and that, upon the abandonment by him, it reverted unencumbered to the bankrupts. If the trustee had sold and conveyed, not abandoned, the land, there might be some merit in the contention, but the land was abandoned — discarded. The title reverted to the bankrupts in the condition it was in when it passed out of them to the trustee. Such abandoned property, like exempt property, is not administered in bankruptcy, and is unaffected by the act.Cf. cases in note to 42 L.R.A. (N.S.) 296.
Furthermore, judgments recovered within four months of the filing of the petition are not automatically dissolved by the adjudication. Insolvency of the bankrupt, at the time *Page 402 
they were recovered, is in indispensable condition to the operation of the act. Insolvency must be established as a fact.Simpson v. VanEtten, 108 Fed. Rep. 199. The right to annul such judgments is in the trustee for the benefit of the bankrupt estate. He alone may invoke the act. He cannot assign the privilege, or abandon it to the bankrupt. 7 C.J. 197, 199.
The judgment recovered prior to four months of the filing of the petition in bankruptcy is, plainly, not within the purview of the Bankruptcy act. The complainants' reason for their attack on this judgment is, that a judgment is not a lien on land unless execution issues. Writs of execution affect, not the lien, but the priority of liens as between holders of judgments. 3 Comp.Stat. p. 2955; Van Sciver v. Bryan, 13 N.J. Eq. 434; Bloom v.Welsh, 27 N.J. Law 177.
None of the liens of the judgments was, of course, affected by the discharge in bankruptcy of the judgment debtors. The discharge relieved them of personal liability only; the liens on the land remained. Bassett v. Thackara, 72 N.J. Law 81.
On the day fixed for the passing of title the defendant was ready to perform, but the complainants refused to discharge the judgments of record, or to make allowances for them in the settlement, and they still persist and refuse to remove the liens, offering, however, by their replication to the answer in the suit, to do so if the court finds that the judgments are encumbrances, and claim, because of the offer, that the defendant cannot successfully resist a decree. Where there are no complications a specific performance will be directed if the complainant can make good title at the time of the decree, although he could not before. Gerba v. Mitruske, 84 N.J. Eq. 79.
And it will not be defeated by an encumbrance which may be discharged out of the purchase-money. 25 R.C.L. 277; Moore v.Galupo, 65 N.J. Eq. 194. But this grace is extended only to those who are willing and unable, not to those able and unwilling to perform as agreed. The unjustifiable attitude of unwillingness on the part of the complainants to perform on the day fixed was aggravated by their unreasonable action at that time. The defendant and *Page 403 
his brother Benjamin, each, bought one of the apartment-houses, each contributing one-half of the down money. Both dickered with the complainants. The contract was made in the name of the defendant for convenience sake, acquiesced in by the complainants. Although time was not stipulated to be of the essence of the contract, the complainants knew that Benjamin had sold where he then lived and had to find shelter elsewhere, and that September 1st was fixed for the passing of title because of this exigency. Benjamin was obliged to vacate, and, on the day, with his household effects on trucks, appealed to the complainants for possession. They refused; they were determined to force the brothers to take the encumbered title. It was suggested that a makeshift lease be made until the encumbrances could be removed, or some arrangement could be made concerning them, and an additional thousand dollars, on account of the purchase price, to mollify the complainants, was offered, but of no avail. They took the stand, payment in full or no possession, save that they offered to put in escrow a sufficient sum to discharge the judgments if and when they were declared to be liens, which was brushed aside as leading to vexatious litigation, and all the while interfering with defendant's free alienation of the property. While I have no question that, originally, in the circumstances and by conduct of the parties, the time fixed for the transfer became and was of the essence of the contract (the properties were bought for homes — Tilley v.Thomas, 3 Ch. App. (L.R.) 61; Levy v. Lindo, 3 Mer. 81;Fry Spec. Perf. § 1056), the plea cannot be sustained as a bar, because it appears to have been waived by subsequent negotiations and later rejection of the contract, specifically, on the ground of the existence of the liens. 25 R.C.L. 256;Levy v. Lindo, supra.
But the indefensible conduct of the complainants in persistently refusing to give a clear title, when it was their duty and in their power to give, and on such frivolous grounds, brings the case within the familiar principle reiterated inPyatt v. Lyons, 51 N.J. Eq. 308. "The relief invoked is not a matter ex debito justitiae; the bill for specific performance *Page 404 
is addressed to the extraordinary jurisdiction of a court of equity to be exercised according to its discretion, and he who seeks performance of a contract for the conveyance of land must show himself ready, desirous, prompt and eager to perform the contract on his part." Meidling v. Trefz, 3 Dick. Ch. Rep.644; Page v. Martin, 1 Dick Ch. Rep. 589; Blake v. Flatley,17 Stew Eq. 231.
The defendant was willing, the complainants were not, to perform the contract according to its terms. Their refusal to do equity bars them from seeking equity.
The bill will be dismissed.