No. 11,641.

McCracken v. Citizens National Bank of Akron.

Decided October 4, 1926.

Action in ejectment.   Judgment for plaintiff.

*Reversed.*

*On Application for Supersedeas.*

1.   Ejectment—*Possession.*   If defendant in ejectment makes any other defense than a disclaimer of title or right of possession, plaintiff need not prove him in possession at the time of the commencement of the action.

2.   *Evidence.*   In ejectment, possession is prima facie evidence of ownership in fee.

3.   *Title.*   In ejectment, prima facie title is shown by a grant from some one in possession.

4.   Deed—*Sheriff's Deed—Effect.*   A valid sheriff's deed is as effective a grant of the debtor's interest in the land as a deed would be from the debtor himself.

5.   Names—*Identity.*   Courts will not assume that Frank McCracken and F. M. McCracken, are the same person.

*Error to the District Court of Washington County, Hon. H. E. Munson, Judge.*

Messrs. Pelton & Chutkow, for plaintiff in error.

Mr. Chalkley A. Wilson, for defendant in error.

*Department One.*

Mr. Justice Adams delivered the opinion of the court.

Action in ejectment by the Citizens National Bank of Akron, against Frank McCracken; trial to court and judgment for plaintiff; defendant brings the case here on writ of error and asks for a supersedeas.

Plaintiff bases its claim upon a sheriff's deed under an execution against one F. M. McCracken; this deed was plaintiff's only evidence; it was regular upon its face, being in conformance with C. L. 1921, section 5942, and is evidence that the law has been complied with until the contrary is shown. C. L. § 5944. The contrary has not been shown in any way that we regard as sufficient to invalidate the deed. It was a sale of F. M. McCracken's interest in the land, whatever that was.

"If the defendant in ejectment files or makes any other answer or defense than a disclaimer of title or right of possession, it shall not be necessary for the plaintiff to prove him in possession at the time of the commencement of the action *or at any time*. Code 1921, § 296." *Horn v. Hurwitz,* 78 Colo. 343, 241 Pac. 727.

Defendant did not disclaim title—he claimed it—so the above rule applies. He filed a cross-complaint, alleging, inter alia, ownership, possession, and right of possession, and sought to quiet title against plaintiff.

In ejectment, possession is prima facie evidence of ownership in fee. *Milsap v. Stone,* 2 Colo. 137, 139; *Sears v. Taylor,* 4 Colo. 38, 41; and a prima facie title is shown by a grant from someone in possession. 9 R. C. L. 843. A valid sheriff's deed is as effective a grant of the debtor's interest in the land, as a deed would be from such debtor himself. Hence, assuming the execution debtor and the defendant in the ejectment suit to be the same person, we have, in effect, a valid deed from defendant to plaintiff, both claiming from a common source —defendant's possession—thus prima facie entitling plaintiff to recover.

But we meet with a difficulty here. The defendant in the ejectment action is Frank McCracken, whereas, the

execution debtor named in the sheriff's deed is F. M. McCracken; there was no proof that they are one and the same person, but plaintiff wants us to assume that they are, without any proof.

It would be a dangerous precedent to establish to say that presumptively, Frank and F. M. are the same; we fear that it would lead to complications in real estate titles, so we must not do it. F. M. may be Fred M., or an entirely different man with any Christian name commencing with the letter "F." We do not look upon this as a merely non-vital or immaterial technicality; the question is substantive—whether one man's property is being sold for another man's debt. The proof is deficient in this regard and the burden is upon plaintiff to establish the identity of defendant with the execution debtor named in the sheriff's deed when their names are as different as this.

We do not mean to say that a designation by initials only is insufficient, if one wishes to so describe oneself. As said in *Webster v. Heginbotham,* 23 Colo. App. 229, 129 Pac. 569, such is a common practice. See also 29 Cyc. 269. *Webster v. Heginbotham* is the case relied upon by the honorable trial court in rendering judgment for plaintiff, but there evidence was offered as to the identity of the person with the name, and the rule of idem sonans was also applied. Further than this, no comments are necessary upon that case. We are bound by the record before us.

On account of the hiatus in plaintiff's proof in failing to connect the defendant in the instant ejectment suit with the execution debtor named in the sheriff's deed, the supersedeas will be denied, the judgment reversed, and the cause remanded for new trial on the complaint and cross-complaint.

Counsel for defendant cited no authorities in support of his propositions of law. Apt citations are of immeasurable assistance in saving our time and as an aid

to correct conclusions. We hope that counsel will not omit them in his next brief filed with us.

Mr. Chief Justice Allen and Mr. Justice Burke concur.