(No. 5205.   January 26, 1929.)

E. A. LEACH, Appellant, v. BANK OF VOLLMER, a Corporation, and VOLLMER CLEARWATER CO., a Corporation, Respondents.

[274 Pac. 627.]

Benjamin F. Tweedy, for Appellant.

Tannahill & Leeper, for Respondents.

BUDGE, C. J.—Appellant filed a complaint against respondents in the district court of the tenth judicial district, alleging a conversion by respondents of personal property belonging to appellant, and asking for judgment for its

alleged value. Respondents' answers denied the allegations of the complaint, and set up as affirmative defenses that appellant had filed a petition in bankruptcy in the United States district court and been adjudicated a bankrupt, and that a duly qualified and acting trustee had been appointed to take charge of the estate.

A demurrer to the affirmative defenses was interposed by appellant, who also filed a motion asking that the trustee in bankruptcy be made a party to the action. The demurrer and motion were overruled, and the court dismissed the action.

The filing of a petition in bankruptcy gives the bankruptcy court jurisdiction of the bankrupt's property (5 Remington on Bankruptcy, p. 452), and a right of action on the part of the bankrupt passes to the trustee. (3 Remington on Bankruptcy, p. 8, sec. 1178, note 1.) The proper ruling on the demurrer, therefore, was to overrule the same. But, after the demurrer had been overruled, the new matter in the answers was deemed denied. (C. S., sec. 6717), and appellant had the right of requiring respondents to establish on the trial the truth of their affirmative allegations, and to combat such proof by any competent evidence of abandonment of the property or any right of action by the trustee. The court erred in dismissing the action.

It is a matter of discretion with the trustee whether he accept or abandon disputable or burdensome claims or property of the bankrupt, and if the trustee, with knowledge and after a reasonable time, declines to accept property of an onerous or unprofitable character, the bankrupt may reassert title. (2 Remington on Bankruptcy, pp. 494, 497, secs. 1154, 1157.) The court did not err in denying the motion to make the trustee in bankruptcy a party to the action.

The judgment is reversed. Costs to appellant.

Givens, Taylor and Wm. E. Lee, JJ., and Hartson, D. J., concur.

Petition for rehearing denied.