**In re MOSS et al.**

**No. 2557–D.**

District Court, E. D. Illinois.

Feb. 1, 1938.

Gunn Penwell & Lindley, of Danville, Ill., for debtors.

Paul Taylor, of Effingham, Ill., and Smith, George & McCollum, of Flora, Ill., for respondents.

LINDLEY, District Judge.

The debtors have filed their petition to set aside a conveyance of certain real estate formerly belonging to the debtors and to have same declared their property and administered under the provisions of the act, for the benefit of the debtors. The respondents, including the owners of record at the present time and the Pure Oil Company, lessee under an oil lease, subsequent to the conveyance, have moved to dismiss the same.

The original debtor filed his petition under section 75 of the Bankruptcy Act, as amended (47 Stat. 1470, 48 Stat. 925, 1289, 11 U.S.C.A. § 203 and note) on October 20, 1934, and the cause proceeded in administration until the decision of the Supreme Court holding the law invalid. Thereupon, on July 10, 1935, the court entered an order granting to the debtor thirty days within which to show cause why his petition should not be dismissed or, in the alternative, to file an amended petition asking to be adjudged bankrupt under the general Bankruptcy Act, 11 U.S.C.A. § 1 et seq. Within the period the debtor filed his petition to be and was adjudged bankrupt on July 27, 1935, and the cause

in regular course of procedure was referred to the referee. On September 6, 1935, without notice to the debtor, the referee, finding the real estate subject to certain valid mortgage liens in an amount in excess of the fair cash market value of the same and no equity therein for the estate, ordered that the trustee abandon all title and interest in the real estate and disclaim the same.

Administration in general bankruptcy proceeded without further event of interest until February 7, 1937, when the debtor filed an amended petition asking that the order of adjudication in general bankruptcy be vacated and that he be afforded relief under subsection (s) of section 75 of the Bankruptcy Act, as amended, 11 U.S.C.A. § 203(s). The court allowed this petition and entered an adjudication under subsection (s) of section 75 of the Bankruptcy Act, as amended, and referred the cause to the conciliation commissioner. Later, on December 4, 1937, the death of the debtor was suggested and his widow and heirs were substituted as debtors.

Prior to the institution of any of these proceedings, on September 11, 1934, the circuit court of Clay county, with jurisdiction of the parties, entered a decree of strict foreclosure of the mortgage upon the real estate here involved, directing that the debtor pay the amount of the decree within ninety days, and that, in the absence of such payment, he be forever foreclosed of all right whatsoever in the premises and the master in chancery execute a deed for the premises to the mortgagee. Thereafter, this court enjoined the further prosecution of that proceeding and such injunction continued until and after the adjudication in bankruptcy and the entry of the order directing the trustee to disclaim and abandon the real estate. Subsequent to the entry of the order of abandonment and while the cause was still pending in general bankruptcy, the master in chancery of the circuit court of Clay county, acting in pursuance of the decree of strict foreclosure mentioned, executed and delivered to the mortgagee a master's deed for said premises. Thereafter, in a partition suit, wherein were involved the several owners of the real estate, the same court entered a decree of partition and sale and on December 22, 1936, the premises were sold to two of the present defendants. Thereafter, on March 18, 1937, the purchasers executed and delivered to the Pure Oil Company a lease for the oil and gas in said real estate.

Upon these facts, appearing in the petition, the debtors ask that the decree of strict foreclosure and the deed made in pursuance thereof be held void; that the decree of partition and sale be avoided; that upon payment of the amount due the mortgagee, the debtors receive the premises, subject to the oil lease, and that the debtors be substituted as lessors in the latter lease for the present owners of record. They insist that this court has at all times had the custody and jurisdiction of the property under the Bankruptcy Act, and consequently retains jurisdiction to entertain the proceedings and grant the relief prayed. Certain of the respondents contend that the proceeding is, in its essence, summary in character; that, inasmuch as the bill does not aver possession of the property by the debtor, the court has no jurisdiction to proceed in a summary manner; that this court has at no time had jurisdiction of the property since the abandonment thereof; and that the petition should be dismissed.

■ Under section 70 of the Bankruptcy Act, as amended, 11 U.S.C.A. § 110, the trustee may abandon burdensome property. The trustee in bankruptcy of this estate took title to the equity of redemption in the premises, and when he elected after reasonable time not to take and charge the estate with same as burdensome property and abandoned it, the property and the right of redemption reverted to the bankrupt. As the Supreme Court says, a precise analogy is found in the law of gifts and legacies. Acceptance is presumed, but rejection leaves the title by relation as if the gift had not been made. Brown v. O'Keefe, 300 U.S. 598, 57 S.Ct. 543, 81 L. Ed. 827; In re Webb, 4 Cir., 54 F.2d 1065. Consequently the title, subject to the mortgage and the decree of the state court, upon the entry of the order of abandonment, reverted to and remained in the bankrupt. Thereupon, the decree of the state court was made effective by execution and delivery of the deed therein directed to be issued to the mortgagee, and upon the issuance of this deed the title vested in the mortgagee. Inasmuch as no appeal was taken from the order of abandonment or from the decree of foreclosure, each of the same became final. Consequently, when the debtor came into this court some months later on February 7,

1936, and procured a vacation of the order of adjudication in general bankruptcy and the approval of his petition for relief under section 75 of the Bankruptcy Act, as amended, he had no title whatever to the premises and no property interest therein of which this court could obtain jurisdiction or custody. Consequently, the present application to deal with the property must be denied for want of jurisdiction of the court.

True it is that section 75 of the Bankruptcy Act as amended, 11 U.S.C.A. § 203, provides that upon the filing of a petition thereunder, the court shall be vested with jurisdiction of all the property of the bankrupt, and that thereafter suits for the maintenance of foreclosure may not be instituted or maintained, and had the deed to the mortgagee not previously been delivered, the court might have had jurisdiction of this property. But the title having passed from the debtors and their estate, prior to the institution of the present proceeding, there was no property in the bankrupt of which the court could take jurisdiction.

▉ It is said that in view of the prior proceedings under the previous unconstitutional act, the court had at all times jurisdiction to enter orders affecting this foreclosure proceeding, but all rights under the unconstitutional act ended with the decision of the Supreme Court. The debtor thereafter became a general bankrupt, and the title of the real estate reverted to him by order of the bankruptcy court and then passed from him by the proceeding in foreclosure in the state court, prior to the institution of any prayer for relief under the amended act. The enactment of the new act did not automatically bring the debtor's estate under its provision; that result occurred only when he made application for relief thereunder, long after he had lost his property.

▉ The court passes in no wise upon the validity of the judgment of the state court, for, under the existing circumstances, an attack upon the same can be maintained only by a plenary suit in equity to cancel the decree and the conveyances here attacked. Whether there is ground for equitable relief will depend upon what the court may find in such a plenary suit. Under Wright v. Union Central Ins. Co., 7 Cir., 91 F.2d 894, the decree of foreclosure followed up by sale removed from the summary jurisdiction of the court the property here involved. The motion to dismiss is allowed.