[Civ. No. 15875.   Second Dist., Div. Two.   Sept. 30, 1947.]

A. C. HELVEY, Appellant, v. UNITED STATES BUILDING AND LOAN ASSOCIATION OF LOS ANGELES (a Corporation), Respondent.

648

William M. Taylor for Appellant.

No appearance for Respondent.

WILSON, J.—From a judgment in favor of defendant, plaintiff has appealed.

Defendant is a building and loan association organized under the laws of the State of California. In an action brought against it in the United States District Court a receiver of all property and assets of defendant was appointed. During the course of the administration of the receivership proceedings the receiver, by authority and direction of the federal court, abandoned the judgments that are the subject of this action. Plaintiff claimed title to the abandoned judgments and brought this action to quiet title to them.

The court found the facts as above stated and as conclusions of law found that upon the abandonment of the judgments title revested in defendant association; that the judgments were not abandoned insofar as the association is concerned; that the judgments did not become *publici juris* and were not subject to ownership by the first claimant.

The action in the federal court was brought by a creditor of the association, as stated in the brief and which we take to be true, ''because of its mismanagement, manipulation and the embezzlement of its funds'' by a director of the association. It does not appear from the record before us that the association was insolvent. The appointment of the receiver in the action did not dissolve the corporation. Its right to do business was suspended during the period of receivership, but its corporate existence was not terminated. Upon the dissolution of the receivership proceedings and the discharge of the receiver, the corporation's right to transact business was reinstated in the absence of a prohibitory order. The

record does not show, and appellant does not assert in his brief, that such an order was made.

It does not appear that the Building and Loan Commissioner of California was a party to the proceedings, and as far as the record shows, he made no claim to any of the assets of the corporation and took no steps to liquidate it or to wind up its business. Consequently, no proceedings having been taken under the Building and Loan Act of the state, and the Building and Loan Commissioner having made no claim to the assets, it was not necessary to obtain authority from the commissioner in order to permit defendant association to resume or to continue its business.

Plaintiff has sued the corporation without joining the receiver as a defendant. The corporation filed its verified answer and the case was tried without reference to the receivership except the allegation of his appointment and his abandonment of the judgments described in the pleadings. Since a corporation for which a receiver has been appointed cannot be sued without the consent of the court which appointed him and no such order is alleged to have been made, and since there is no claim that the receivership is still in force, it is presumed that the receiver has been discharged and that defendant corporation is no longer in the custody of the federal court. By instituting the action in this form plaintiff has admitted the legal capacity of defendant.

Plaintiff's assertion that by his claim of ownership to the abandoned assets he became the owner of the judgments is without merit. When assets have been abandoned by a trustee or a receiver the property, insofar as the abandoner is concerned, is left as though he had never owned or claimed it and the "title stands as if no assignment had been made." The situation presented here is analogous to an unaccepted or a rejected gift—the title is left as though the gift had not been made. (*Brown* v. *O'Keefe,* 300 U.S. 598, 602 [57 S.Ct. 543, 81 L.Ed. 827, 832] ; *In re Webb,* (C.C.A. 4) 54 F.2d 1065; *In re Moss,* 21 F.Supp. 1019.)

Upon abandonment of assets by a trustee in bankruptcy by leave of court the title reverts to and remains in the bankrupt. He is entitled to reassert ownership of such assets. (*In re Ferribee,* C.C.A. 7) 93 F.2d 262, 264; *In re Moss, supra; Givens* v. *Louisville Property Co.'s Assignee,* 258 Ky. 740 [81 S.W.2d 401, 402] ; *Cripple Creek State Bank* v. *Russell,* 74 Colo. 111 [219 P. 212, 213] ; *In re Wattley,* (C.C.A. 2)

62 F.2d 828, 829; *In re Webb, supra; Leach v. Bank of Vollmer*, 47 Idaho 263 [274 P. 627, 628]; *Metz v. Emery*, 110 Kan. 405 [204 P. 734, 735]; *Abo Land Co. v. Tenorio*, 26 N.M. 258 [191 P. 141, 142]; *Kobrin v. Drazin*, 97 N.J.Eq. 400 [128 A. 796].)

No cases have been furnished to us in which a receiver was appointed, but the result would be the same as in the cases involving a trustee in bankruptcy. Whether it be a receiver or a trustee, he is appointed by the court, he is an officer of the court, subject to the court's direction, and he takes charge of the assets of the defendant or of the bankrupt, as the case may be, in order to preserve them for the benefit of the creditors of an individual and of the creditors and stockholders if the party be a corporation. Either a receiver or a trustee has the right to determine whether the assets are so burdensome or of such little value as to render the administration of the same unprofitable, and if he so determines, the court may upon his petition authorize the abandonment of the worthless property.

When the federal court authorized its receiver to abandon the judgments described in the pleadings, and he did abandon them, title reverted to defendant association and the claim of an interloper amounted to exactly nothing.

The cases cited involving the abandonment of water rights by one who had been the user of the water and the abandonment of mining claims are obviously not in point. When water rights have been abandoned they may be claimed by other persons who are so situated as to use the water, and when a mining claim has been abandoned it returns to the public domain. In such cases the abandonment is accomplished by the affirmative acts of the claimant or user or by his failure to make use of that which he has claimed. Such abandonment leaves the property as though he had never owned or occupied it and it is subject to appropriation by any other person who desires to use it in the manner provided by law. There is no contention in this action that defendant association itself ever abandoned the judgments or did any act indicating its intention to abandon or any act from which it may be inferred that it did not assert ownership immediately upon the procurement by the receiver of the order permitting him to abandon them as burdensome and valueless property.

Judgment affirmed.

Moore, P. J., and McComb, J., concurred.