No. 19,587.

ARTHUR P. GARCIA, ET AL. *v.* ADJUSTMENT BUREAU, INC.
(365 P. [2d] 687)

Decided October 23, 1961.

Messrs. MARTINEZ & PIERCE, for plaintiffs in error.

Mr. JOHN R. WALL, for defendant in error.

*In Department.*

Opinion by Mr. Justice Sutton.

We will refer to the parties as they appeared in the trial court where plaintiffs in error were defendants and defendant in error was plaintiff.

Plaintiff originally commenced an unlawful detainer action in the justice court of Pueblo County. The defendants, husband and wife, filed an answer asserting title in themselves, and the action was then certified to the district court where, after trial, judgment was favorable to plaintiff. The issue there tried concerned the validity of a sheriff's sale under a judgment lien, and the subsequent conveyance to the plaintiff by sheriff's deed, of the real property in question.

The essential facts are not disputed. On October 17, 1958, plaintiff obtained a judgment against defendants in the county court of Pueblo County; execution issued, and levy made on defendants' realty on October 30, 1958. On November 13, 1958, the defendants filed a homestead exemption, which was held to be ineffective as to this plaintiff upon hearing in the county court. On December 8, 1958, plaintiff bid in the land at a sheriff's sale, and upon defendants' failure to redeem within six months as provided in C.R.S. '53, 118-9-1, et seq., a sheriff's deed was issued to plaintiff on June 9, 1959. On December 10, 1958, within four months after the date of the judgment in the district court, the defendants filed a petition in bankruptcy and were subsequently adjudicated bankrupts in the United States District Court for Colorado. It appears that plaintiff's claim was included in the schedule of debts and that plaintiff had notice of the bankruptcy proceeding. Upon a showing that this real estate and certain personalty were "burdensome," the bankruptcy court permitted the trustee in bankruptcy to disclaim any interest of the estate in the property listed. Accordingly, the trustee did not take possession of the property as assets of the estate. Defendants, remaining in possession of the realty there-

after, plaintiff commenced this action based upon its sheriff's deed.

Following trial the district court found that the plaintiff was entitled to possession of the premises as owner and to the sum of $60.00 per month as rental until possession is delivered to plaintiff. A writ of restitution was ordered to issue. Execution of this order was stayed conditioned upon the posting of a $2500.00 bond by defendants; the defendants having failed to post such bond, the stay was vacated. The record does not disclose who was in possession when defendants sued out this writ of error.

Defendants contend that the district court erred in not holding as a matter of law that the sheriff's sale and deed to plaintiff were null and void. Their argument is that since plaintiff's judgment was obtained within four months of their bankruptcy petition, and that they were insolvent at the time the judgment was entered, the judgment and all proceedings pursuant thereto are null and void by virtue of 11 U.S.C.A. Sec. 107(a)(1) being §67(a)(1) of the Bankruptcy Act which provides as follows:

"Every lien against the property of a person obtained by attachment, judgment, levy, or other legal or equitable process or proceedings within four months before the filing of a petition initiating a proceeding under this title by or against such person shall be deemed null and void (a) if at the time when such lien was obtained such person was insolvent or (b) if such lien was sought and permitted in fraud of the provisions of this title: *Provided, however,* That if such person is not finally adjudged a bankrupt in any proceeding under this title and if no arrangement or plan is proposed and confirmed, such lien shall be deemed reinstated with the same effect as if it had not been nullified and voided."

Although §67 (a) (1) appears to be a blanket invalidation of all judgment liens obtained within four months

of the filing of a petition in bankruptcy, where the debtor was insolvent, such is not the case here.

In the first place this record discloses that the trustee in bankruptcy disclaimed all right, title and interest to this property. It thus follows that the title remained as it was on December 10, 1958, the date of the petition in bankruptcy, i.e., subject to the levy and sale under plaintiff's earlier judgment. *Kobrin v. Drazin* (1925), 97 N.J. Eq. 400, 128 Atl. 796. Also see 2 *Remington on Bankruptcy*, pages 629-30, Sec. 1147 (1956). Obviously then section 67(a)(1) can have no application to this property nor is defendants' alleged insolvency material.

In the second place the law is clear that homestead exemptions do not operate retroactively. *Helkey v. Ashley* (1945), 113 Colo. 175, 155 P. (2d) 143, and *Bean v. Eves* (1933), 92 Colo. 339, 341, 20 P. (2d) 544, 545. Thus here the filing by defendants was ineffectual as to plaintiff's prior lien.

It follows that upon the failure to redeem the property pursuant to statute, whatever title and interest the defendants had in the property vested in the plaintiff upon the delivery of the sheriff's deed on June 9, 1959. *McCracken v. Bank* (1926), 80 Colo. 164, 249 Pac. 652.

The district court's order, therefore, that a writ of restitution issue in favor of plaintiff and that defendants be held liable for the sum of $60.00 per month until the premises are restored to plaintiff, was entirely proper.

The judgment is affirmed.

MR. JUSTICE FRANTZ and MR. JUSTICE McWILLIAMS concur.