[Civ. No. 27310. Second Dist., Div. Two. April 20, 1964.]

SOUTHERN PACIFIC COMPANY, Plaintiff and Respondent, v. FRED SCHWARTZ, Defendant and Appellant.

Bernard R. Schulhof for Defendant and Appellant.

E. D. Yeomans and John H. Gordon for Plaintiff and Respondent.

KINCAID, J. pro tem.*—Appeal is taken by Fred Schwartz from the judgment herein in favor of plaintiff, from order dismissing cross-complaint and from the order denying appellant's motion for a new trial. No appeal lies from the trial court's denial of defendant's motion for a new trial; that ruling may be reviewed only through an appeal from the judgment. (*Hamasaki* v. *Flotho*, 39 Cal.2d 602, 608 [248 P.2d 910].)

Plaintiff's complaint named the appellant Fred, Morris Schwartz, Jack Bulwa and Harry Smookler as defendants. The complaint alleges, in substance, that a balance of $3,040.04 was due plaintiff from defendants for the transportation of rubber and metal salvage goods from the State of Georgia to Los Angeles. On or about September 18, 1959, Fred and Morris Schwartz filed an answer denying the allegations of the complaint. A cross-complaint was also filed by Fred and Morris Schwartz, as copartners doing business as Central Tire and Salvage Company, against plaintiff alleging the conversions by it on or about May 14, 1959, of 959 used automobile tires of a value of $5,400. The other named defendants answered the complaint herein, and respondent filed an answer to said cross-complaint.

On August 21, 1962, the cause was called for trial, plaintiff, defendants Smookler and Bulwa and R. E. Allen, duly appointed receiver for Central Tire and Salvage Company, appearing in person and by respective counsel, and Morris Schwartz appearing in propria persona, with appellant who was also in propria persona not being present. The request by appellant by telegram on the day of but prior to trial, for a continuance for a 24-hour period, on the grounds as stated in said telegram, was denied. The cross-complaint was dismissed on motion of R. E. Allen, receiver of cross-complainant. Defendant Morris Schwartz joined in the motion to dismiss. Evidence was then offered on behalf of plaintiff and the court gave judgment in its favor against appellant Fred only in the amount of $3,040.04 and judgment was entered in favor of the other defendants against plaintiff. Findings of

*Retired judge of the superior court sitting pro tempore under assignment by the Chairman of the Judicial Council.

fact and conclusions of law were waived by those parties who were present.

On September 4, 1962, appellant filed notice of motion to set aside the default and the judgment thereon, supported by the declaration of appellant and the declaration of his then attorney, Bernard R. Schulhof. This motion was denied after hearing on September 14, 1962. On October 17, 1962, judgment was filed in favor of plaintiff and against appellant in the sum of $2,866.20, without interest, and that it take nothing from the other defendants. On October 23, 1962, appellant filed a motion for new trial on the following grounds: (1) irregularities in the proceedings of the court or adverse parties, and an order of the court or abuse of discretion by which this defendant was prevented from having a fair trial; (2) insufficiency of the evidence to justify the verdict; (3) accident or surprise that ordinary prudence could not have guarded against. Declarations were filed by appellant and Schulhof in support of the motion for new trial and an affidavit by Malcolm McCarthy, attorney for Smookler and Bulwa and a declaration by John R. Crowe, attorney for the Receiver were filed in opposition to said motion. The matter was argued and on December 10, 1962, the court made its order denying the motion for new trial.

In his declaration in support of his motion for a new trial appellant gives as his reasons for his failure to appear at the trial the following: although he had received notice that date of trial was August 21, 1962, five or six days prior thereto he learned his presence was required in Oregon on business. Since he was not represented by counsel, he telphoned plaintiff's attorney, Mr. Gordon, and in his absence left word of his desire for the continuance. He then requested Bernard Schulhof, an attorney, to contact Mr. Gordon to arrange a continuance. On August 20, 1962, he telephoned Mr. Schulhof from Oregon who informed him that Mr. Gordon said continuance could not be arranged. Appellant then tried to book airplane passage but discovered that he would be unable to arrive in time for the trial because of passenger traffic congestion. He sent a telegram to the court and requested a one-day continuance which was received by the court in advance of the trial. He and his now attorney aver that he has a good defense on the merits and he offers to compensate any parties for the inconvenience to which they have been put.

The question before us for our determination is whether

the trial court abused its discretion by refusing to grant appellant's motion for a new trial. Conceding that appellant should not have absented himself from the jurisdiction in reliance upon his obtaining a continuance of the trial, the record indicates that he made a valid effort in good faith to return in time for the trial upon learning that a continuance would not be considered. The ensuing judgment, ordered in his absence and following the taking of evidence, resulted in the court finding in favor of all codefendants including appellant's partner and direct associate in the transaction in question and finding against appellant singly. The record indicates that the judgment was granted against appellant and not against the other defendants on the one ground that the testimony showed a failure and refusal by appellant to sign a form 1525, which was the sole cause of the shipment ending here in Los Angeles and not going on to the consignee in San Francisco. This is shown by the following remarks from the transcript: ''THE COURT: Alright, for our purpose, it is admitted that the S.P. did not transport the tires to San Francisco, there is no question about that? MR. GORDON: that is correct, we did not deliver it to 185 Bayshore Boulevard. Alright, I rest.'' The court went on to say: ''There is uncontradicted testimony the shipment could not have moved because Fred Schwartz refused to sign Form 1525. ... Well, Mr. Gordon, I would say you have somewhat the laboring oar here where you are under contract to deliver merchandise at a particular point and don't do it. Now, if acts of a third party interfere so you can't deliver it, then is this a cause of action, that is, in a nutshell, what we have here.'' The court further stated as follows: ''I grant you that on the record here, the testimony that he didn't sign 1525 and that was it. ...'' The court went on to comment: ''On the record the shipment could not proceed, Fred Schwartz refused to sign document 1525. That is all I have before me.'' It is obvious from these comments that the turning point in this case was the uncontradicted testimony at the trial that appellant caused the failure of delivery of the goods as consigned by his refusal to sign the necessary form.

It further appears that the only testimony bearing on this issue at the trial was the hearsay testimony of Horace E. Sumner, a freight agent for plaintiff as follows: ''Q. I will show you what purports to be form 1525 and ask you if this was the form that was prepared in this instance in your office? A. Yes, sir, it is. Q. (MR. GORDON): I will offer it—no, one more question. Did you request that that be exe-

cuted by Mr. Fred Schwartz? A. Personally, I did not, but our City Freight Agent, Mr. Will H. Hinson, did. Q. And was that presented to him, Mr. Fred Schwartz? A. By Mr. Hinson, yes. THE COURT: But not of your knowledge? THE WITNESS: No, I have a written report from Mr. Hinson stating that he did." The witness further testified regarding form 1525 as follows: "Q. Well, Mr. Fred Schwartz refused to sign this, is that correct? A. According to my information, yes, sir. Q. The shipment could not move any further than Los Angeles? A. No, it could not."

By his declaration in support of his motion for a new trial, appellant states that at no time was a form 1525 or any other form presented to him for signature and had such a form been presented and been in order he would have signed it.

Appellant further complains that the record is devoid of proof as against him of any sum owing plaintiff for freight and other transport charges.

The record discloses that plaintiff entered into a stipulation with counsel for R. E. Allen, receiver, and counsel for defendants Bulwa and Smookler, as well as with Morris Schwartz in propria persona as follows: "Q. (BY MR. GORDON) [This question was to witness Sumner.] Now is your office charged with the duty of collecting freight charges? A. Yes, sir. Q. Were bills issued for these freight charges from Georgia to Los Angeles? A. Yes, sir. Q. Have they been paid? A. No, sir. MR. GORDON: (handing documents to counsel) You will stipulate that the freight charges amounted to the sum of—THE COURT: $3,040.40—I mean 4 cents. MR. GORDON:—that freight and demurrage charges equalling $3,040.04 have not been paid? Some of that is demurrage. MR. CROWE: I will stipulate that that is the amount of the freight and demurrage charges and will further stipulate, on behalf of the Receiver, that it has not been paid. MR. McCARTHY: I will join in that stipulation, your Honor. THE COURT: Very well. MR. McCARTHY: And the same, Mr. Morris Schwartz? MR. MORRIS SCHWARTZ: Yes, so stipulated. MR. GORDON: I have no further questions."

■ "A stipulation is an agreement between counsel respecting business before the court (Bouv. Law Dict., Baldwin's Century Edition), and like any other agreement or contract, it is essential that the parties or their counsel agree to its terms ... Entry of the purported stipulation in the minutes upon request of plaintiff's counsel did not bind

defendant since 'it was not in the power of the Court, nor anyone else, without [defendant's] consent, or that of [its] attorney, to make it binding.'" (*Palmer* v. *City of Long Beach*, 33 Cal.2d 134, 142, 143 [199 P.2d 952].) ▮ None of the persons entering into this stipulation had the right to bind appellant. Mr. Crowe, the attorney for the receiver, at all times made it clear that he was not representing appellant in his individual capacity in this action. This stipulation *is not binding* on appellant and as to him the record is devoid of proof of the amount of charges, if any, and that they were unpaid.

▮ Appellant complains about the dismissal of the cross-complaint filed herein by him and Morris Schwartz doing business under the fictitious firm name of Central Tire and Salvage Company. As to this cross-complaint, however, the cross-complainant Central Tire and Salvage Company, the fictitious firm composed of appellant and Morris Schwartz, was represented by Mr. Crowe, attorney for its receiver. As such attorney he had authority to move the court to dismiss the cross-complaint at the time of trial. (Code Civ. Proc., § 568; *Helvey* v. *United States Bldg. & Loan Assn.*, 81 Cal.App.2d 647, 650 [184 P.2d 919].)

▮ From the foregoing we conclude that the interests of justice require the giving to appellant of an opportunity to present his defense to plaintiff's cause of action against him and that from his showing made to the trial court denial of his motion constituted an abuse of the court's discretion.

The order dismissing the cross-complaint is affirmed and the order denying appellant's motion for a new trial is reversed. The appeal from the order denying motion for a new trial is dismissed.

Herndon, Acting P. J., and Roth, J., concurred.